# Tagg, to use, *versus* Bowman.

1. Where the cause of action in a case is the failure of the defendant to fulfil an official or fiduciary obligation, cannot set off a personal debt due him from the plaintiff arising out of a transaction disconnected from his official or fiduciary position.

2. A., being seised of a piece of real estate subject to several mortgages, executed an additional mortgage thereon to B., giving to B. at the same time a warrant of attorney to collect the rents, which were to be applied to payment of taxes, water rent and the interest upon the several mortgages according to the order of their priority. B. afterwards

[Tagg, to use *v.* Bowman.]

entered judgment against A. upon the bond accompanying his mortgage. Subsequently, by virtue of his warrant of attorney, he collected the rents of the premises, all of which he himself retained.   In an action by A. against B. to recover the amount of said rents, B. attempted to set off the judgment entered up by him upon his bond.   *Held,* that the set-off was inadmissible.

3. Where the use plaintiff in a case is the purchaser of the claim in suit for value and in good faith, the defendant alleging a set-off against the legal plaintiff is not entitled to a certificate for the balance due him from such legal plaintiff over and above the amount of the claim in suit.

January 17th 1882.   Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey, and Sterrett, JJ.   Green, J., absent.

Error to the Court of Common Pleas No. 1, of *Philadelphia county :* Of January Term 1882, No. 69.

Assumpsit, by John T. Tagg, to use of Horace F. Weeks, against Jonas Bowman.   The narr. contained only the common counts.   Pleas, non assumpsit, payment, payment with leave, &c., and set-off with leave, &c.

On the trial, before Peirce, J., the following facts appeared : On January 31st 1877, the plaintiff, Tagg, executed to the defendant his bond and mortgage, on the premises at the southeast corner of Tenth and Pine streets, to secure the sum of $4,666.66.   The said premises were already subject to several prior mortgages, viz.:—two to the Philadelphia Saving Fund Society, amounting to $6,000, and one to the St. Andrew's Building and Loan Association, for $2,500.

On the same day, January 31st 1877, Tagg executed the following letter of attorney to Bowman, who accepted the same :—

"I, John T. Tagg, of the city of Philadelphia, do hereby constitute Jonas Bowman, of Montgomery county, Pennsylvania, my true and lawful attorney, for me, and in my name, to collect and receipt for the rents due, and to become due, from Thomas R. Kemp, tenant of the property at the south-east corner of Tenth and Pine streets in the city of Philadelphia, during the present lease thereof, and out of such rents to pay first the taxes and water rent on said 'property; then the interest upon the mortgage thereon in the Philadelphia Saving Fund Society ; then the interest and dues on the mortgage of $2,500, thereon, in the Saint Andrew's Building Association ; and then the interest on the mortgage of $4,666.66 thereon given to the said Jonas Bowman, as the said interests become due; and the balance of said rents, if any, to pay over to me."

Bowman did not act under this letter of attorney for a period of twenty months, but then collected the rents from September 1878 to April 1879, when the premises were sold at sheriff's

[Tagg, to use *v.* Bowman.]

sale, under the mortgage held by the St. Andrew's Building Association. In the meantime, a claim for taxes had been filed against the premises, under which a sheriff's sale was threatened in December 1878, when Bowman paid the claim, about $500, and had the same marked to his use. This amount he collected from the sheriff, out of the proceeds of the said sheriff's sale. Bowman had entered judgment on the bond accompanying his mortgage on August 18th 1877. The sheriff's sale did not produce enough to pay either the building association mortgage or Bowman's mortgage, both of which were discharged by the sale. Bowman therefore appropriated the balance of rents in his hands towards the payment of his judgment, and refused to comply with plaintiff's demand to pay them over to him.

The plaintiff, having proved the collection of rents by defendant under the power of attorney, and that he had not applied them to the payment of taxes and interest on the mortgages as therein provided, rested.

The defendant, under his plea of set-off, offered in evidence the judgment entered on his bond. Objected to. Objection overruled. Exception.

The court charged the jury that they should find a verdict for the defendant, and certify the amount due to him by the plaintiff. Verdict for the defendant, and certificate in his favor for $4,678.33. Judgment having been entered on the verdict, the plaintiff took this writ of error, assigning for error the admission in evidence of the said judgment held by the defendant, as a set-off.

*H. Haverstick* and *J. R. Rhoads*, for the plaintiff in error. —The power of attorney, constituted Bowman Tagg's special agent to collect and apply the rents to the payment of taxes, and interest on incumbrances, according to their priority, among which the interest on Bowman's mortgage was to be paid last. Bowman accepted the trust and collected the rents, but did not apply them as directed, claiming to retain them towards the payment of his mortgage. But it is well settled that an agent or attorney, who has received money in his agency, cannot, when called upon by his principal to account, set off a debt due to him in a matter not arising out of his agency. By accepting the trust, the defendant waived any claim to set off. There is no mutuality between the two debts, the same not being due in the same right or capacity; this is essential to set off : Turnpike Road *v.* Watson, 1 Rawle 330 ; Smuller *v.* Canal Co., 1 Wright 68 ; U. S. Bank *v.* Macalester, 9 Barr 475 ; Simpson *v.* Pinkerton, 10 W. N. C. 423 ; Ardesco Oil Co. *v.* Mining Co., 16 P. F. Smith 379 ; Carman *v.* Garrison, 1 Harris 158 ; Note to Rose *v.* Hart, 2 Sm. Leading Cases *320.

[Tagg, to use v. Bowman.]

*J. Q. Hunsicker,* for the defendant in error. At the time of the sheriff's sale of the property under the building association mortgage, the property was in debt to Bowman for the taxes paid by him to prevent a sheriff's sale. He, therefore, had no rents in hand with which to pay the interest on the building association mortgage, and prevent the sheriff's sale, which was inevitable. When it took place, it ipso facto terminated the agency, and changed the relation between Tagg and Bowman to one simply of debtor and creditor, leaving a large balance due to Bowman. The doctrine, contended for by the plaintiff in error, that an agent may not set off a debt due him in his own right is, therefore, inapplicable.

Mr. Justice MERCUR delivered the opinion of the court February 13th 1882.

This suit was for money defendant had collected under a letter of attorney from the legal plaintiff. It authorized him to collect of a certain tenant of the plaintiff, the rents of a property specified, and directed him to pay the same to lien creditors named, designating the order of payment, and to pay the residue, if any, over to the plaintiff. The defendant collected rents, but failed to pay the same according to directions. He held a judgment against the legal plaintiff, and on the trial of this cause was permitted to set it off, and recover a judgment against Tagg, for the amount which it exceeded the rents in his hands. The allowance of this judgment, as a set-off, is assigned as error.

While a liberal construction is given to the Act of 1705 allowing set-off and defalcation of a debt of a proper character, yet, as a general rule, the debt must be due in the same right. It is inadmissible when the plaintiff's cause of action is for a breach of contract to fulfill an official, or a fiduciary obligation. Although the debt may be between the same parties, yet it is not due in the same right within the true meaning of the statute. Hence the treasurer of a corporation, when sued for money in his hands as treasurer, cannot set off a debt due him from the corporation: Russell *v.* Church, 15 P. F. Smith 9. So in an action by a collector of school taxes, for taxes assessed on the defendant, the latter cannot set off a debt due him from the board of school directors: McCracken *v.* Elder, 10 Casey 239.

A party may also, by agreement, debar himself from pleading a set off: Hennis *v.* Page, 3 Whar. 275; United States Bank *v.* Macalester, 9 Barr 475; Carman *v.* Garrison, 1 Harris 158. The agreement need not be express, but may be implied; Ardesco Oil Co. *v.* N. A. Mining and Oil Co., 16 P. F. Smith 375.

By accepting the letter of attorney the defendant assumed

[Biddle *v.* Black.]

the obligation, and assented to the terms, therein imposed on him. It thereby became his duty to collect the rents and pay over the same to the several persons, in the amount therein specified. His right to retain any portion thereof, or to apply it to the debt due him was expressly limited to the interest thereon. His power to collect was coupled with the specific trust prescribed in the same instrument. Having received the money under authority of the plaintiff for a specific purpose, he cannot apply it to the payment of a previous indebtedness. It cannot thus be diverted from its legitimate purpose: Jarvis *v.* Rogers, 15 Mass. 387; Turnpike *v.* Watson, 1 Rawle 330. The parties being competent to contract, and the terms thereof not contrary to any law, there is no just reason why they shall not be faithfully observed. An agent cannot avail himself of an advantage given by his agency to apply it to his own benefit to the injury of his principal: Parkist *v.* Alexander, 1 Johns. Ch. 397.

The evidence fails to disclose under what circumstances Weeks, the use plaintiff, acquired the claim. If for value, and in good faith, no judgment should be recovered against the legal plaintiff, in this suit, as it then is not prosecuted for his use or benefit. The assignments are sustained.

Judgments reversed, and a venire facias de novo awarded.