## Jonas Bowman, Plff. in Err., v. John T. Tagg, To Use, etc.

Where parties without any fraud or mistake have deliberately put their

---

NOTE.—The same principle was recognized in Jones v. Backus, 114 Pa. 120, 6 Atl. 335; Duffield v. Hue, 129 Pa. 94, 18 Atl. 566; Sanders v. Sharp,

engagements in writing, the law declares the writing to be not only the best but the only evidence of their agreement.

Parol testimony is not admissible to prove that, upon the delivery of a letter of attorney to collect rents and apply them to specified purposes, a verbal alteration, in the terms governing the application of the rents, was made by the attorney as a condition upon which he accepted the letter.

(Argued January 18, 1887. Decided February 14, 1887.)

July Term, 1886, No. 19, E. D., before GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Error to Common Pleas No. 4 of Philadelphia County to review a judgment on a verdict for the plaintiff in an action of assumpsit. Affirmed.

This case had already been twice before the supreme court. Tagg v. Bowman, 99 Pa. 376; Tagg v. Bowman, 108 Pa. 273, 56 Am. Rep. 204.

It was an action of assumpsit by Jonas Bowman against John T. Tagg to the use of Horace F. Weeks. The declaration was in the common counts.

The bill of particulars set forth that the plaintiff's claim was for the sum of $700, amount of seven months' rent collected by defendant, by virtue of a letter of attorney given by plaintiff to defendant, of which the following is a copy:

"I, John T. Tagg, of the city of Philadelphia, do hereby constitute Jonas Bowman, of Montgomery county, Pennsylvania, my true and lawful attorney for me and in my name to collect and receipt for the rents due and to become due from Thomas R. Kemp, tenant of the property at the southeast corner of Tenth and Pine streets, in the city of Philadelphia, during the present lease thereof; and out of such rents to pay, first, the taxes and water rent on said property; then the interest upon the mortgage thereon in the Philadelphia Saving Fund Society; then the interest and dues on the mortgage of $2,500 thereon in the St. Andrew's Building Association; and then the interest on the mortgage of $4,666.66 thereon, given to the said Jonas Bowman, as the said interest becomes due; and the balance of said rents, if any, to pay over to me. Witness my hand and seal this thirty-first day of January, A. D. 1877."

153 Pa. 555, 25 Atl. 524; Stull v. Thompson, 154 Pa. 43, 25 Atl. 890; Baugh v. White, 161 Pa. 632, 29 Atl. 267; Dixon-Woods Co. v. Phillips Glass Co. 169 Pa. 167, 32 Atl. 432.

The pleas were *non assumpsit,* payment, payment with leave, etc., and set-off, etc.

Defendant also gave notice of special matter—in short, that he would prove that a fraud had been practised upon him by plaintiff; that he was to have had a second mortgage instead of a fourth mortgage; that when he discovered that his mortgage was a fourth mortgage, and threatened to sue plaintiff and John H. Weeks, Tagg's brother-in-law, the conveyancer for both parties, for fraud, they then agreed to give him an order for the collection of the rents as a further security, which hereto he might apply in his discretion. "That at the time the said letter of attorney was given to him it was understood and agreed that it should contain an assignment of the rents to defendant, and defendant, at the time he received it, was induced to receive it by the assurances of the said Weeks and Tagg that it was an assignment of the rents."

Upon these issues the case was tried before ALLISON, P. J., who ruled out all evidence in support of the facts set forth in the special matter, and in particular overruled the defendant's offer to prove that "at the time the letter of attorney was received from plaintiff by defendant, there was a verbal alteration made by the plaintiff, upon which it was accepted by defendant—namely, that he could use the rents in his discretion for his own protection; and that the construction now contended for by plaintiff is a fraud upon the defendant's rights."

Verdict and judgment were for the plaintiff for $966.40.

The assignment of error considered by the supreme court specified the rejection of the testimony thus offered.

*J. Quincy Hunsicker* and *George S. Graham,* for plaintiff in error.—The obligation under a letter of attorney is an implied and not an express or written obligation. It is inferred or presumed that the attorney agreed to be bound by the terms of the letter of attorney when and because he accepted and afterwards acted under it. Tagg v. Bowman, 99 Pa. 376.

If the contract or obligation is an implied one, oral evidence is admissible to vary or change it. A familiar instance of the admission of such evidence is in regard to the contracts arising from the indorsement of negotiable paper. Barclay v. Weaver, 19 Pa. 396, 57 Am. Dec. 661.

Even if a letter of attorney is treated as a written agreement,

although the attorney has never signed any paper agreeing to its terms, yet the offer of evidence would be admissible under Lippincott v. Whitman, 83 Pa. 244, and Renshaw v. Gans, 7 Pa. 117.

A legal delinquency attaches upon an attempted abuse of the writing, sufficient to subject it to the influence of oral testimony. Rearich v. Swinehart, 11 Pa. 233, 51 Am. Dec. 540.

When, at the execution of a writing, a stipulation has been entered into, a condition annexed, or a promise made by word of mouth, upon the faith of which the writing has been executed, parol evidence is admissible, although it may vary and materially change the terms of the contract. Greenawalt v. Kohne, 85 Pa. 369; Barclay v. Wainwright, 86 Pa. 191; Hoopes v. Beale, 90 Pa. 82; Keough v. Leslie, 92 Pa. 424.

*H. Haverstick* and *J. R. Rhoads,* for defendant in error.— This court has said twice before: "By accepting the letter of attorney the defendant [Bowman] assumed the obligation and assented to the terms imposed on him. It thereby became his duty to collect the rents and pay over the same to the several persons in the amount therein specified." Tagg v. Bowman, 99 Pa. 379, 108 Pa. 276, 56 Am. Rep. 204.

OPINION BY MR. JUSTICE STERRETT:

Since this case was here before, plaintiff in error claims to have discovered that the special authority under which he collected the rents in suit was very different from the written power of attorney construed by this court in 99 Pa. 376, and again in 108 Pa. 273, 56 Am. Rep. 204, and under which he assumed to act as agent for plaintiff below. According to the express terms of that instrument, he was bound, as we have heretofore held, to apply the rents when collected to payment of the following charges and liens on the demised premises in their order; first, water rents and taxes; second, interest on the Philadelphia saving fund mortgage; third, interest and dues on the building association mortgage; fourth, interest on his own mortgage; and lastly, to pay the residue, if any, to his principal, the plaintiff below.

Having, by virtue of the special agency thus created, collected $700 of rents, we held that he could not be permitted, in violation of the express trust on which he received the money, to apply it exclusively to the interest and principal of his own mort-

gage, for the reason that such an application was a manifest misappropriation of funds received by him for other specific purposes. To avoid the effect of that ruling, he proposed to prove, on the last trial, that, at the time he received the letter of attorney containing the clause above referred to, specifically designating the purposes to which the rents when collected should be applied, "a verbal alteration was made by plaintiff, upon which it was accepted by defendant, *viz.:* that he could use the rents in his own discretion for his own protection." In other words, he proposed to flatly contradict that most important provision of the written instrument, without offering to explain how it came to pass that the alleged alteration was not reduced to writing, or even suggesting that it occurred through fraud, accident, or mistake.

As was said in Martin v. Berens, 67 Pa. 459, "Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement, and we are not disposed to relax the rule. It has been found to be a wholesome one, and now that parties are allowed to testify in their own behalf, the necessity of adhering strictly to it is all the more imperative."

In his effort to convince the tenant that he was authorized to collect the rent in question, plaintiff in error furnished him with a copy of the power of attorney, calling his attention to the fact that the rent when collected was specifically appropriated to the several objects therein named. This would seem to indicate that it had not been so altered by verbal agreement as to permit plaintiff in error to appropriate the money to himself. But this may have been an oversight and would not have warranted the exclusion of the evidence embraced in the offer. As an offer to contradict the written instrument, however, in one of its most important provisions, without proof of such facts or circumstances as would justify the admission of testimony for that purpose, it was properly rejected on the principle of the case above cited. If the principle of that and kindred cases is ignored, written instruments will afford very little protection.

The questions involved in the remaining specifications are substantially the same as those that were considered and disposed of when the case was here before. It is unnecessary to either repeat or amplify what was then said.

Judgment affirmed.