Poe *vs.* Snowden and Denny, Trustees.

(Decided 26th March, 1889.)

CHARLES POE *vs.* SAMUEL SNOWDEN and JAMES W. DENNY, Trustees.

*Trustee—Right of Trustee to Retain Trust funds for Individual claim.*

A trustee in equity for the sale of property, has no right to retain the share of the proceeds awarded to a distributee, for the payment of a simple contract debt due to him by the distributee, in the absence of a special assignment of such share or assent to such appropriation.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, YELLOTT, STONE, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*John Prentiss Poe,* for the appellant.

*James W. Denny,* for the appellees.

Poe *vs.* Snowden and Denny, Trustees.

MILLER, J., delivered the opinion of the Court.

The appellant was appointed under regular proceedings in equity, trustee for the sale of mortgaged property and sold it. The auditor's account distributing the proceeds shows, that after payment of the mortgage debt and expenses, there was a balance of $2879.71, which was audited to Landstreet the mortgagor. After this and after some intermediate proceedings, which need not be stated, Landstreet made an assignment of all his property to the appellees in trust for the benefit of his creditors. The appellees then filed a petition in the case claiming this balance as part of Landstreet's property, and asking that the appellant be ordered to pay it over to them. The appellant resisted the passage of such an order on the ground that he had the right *to retain* it in payment of an *individual debt* due to him by Landstreet. The Court decided against him and he has appealed.

This is the sole question in the case and is free of difficulty. It amounts to this, has a *trustee* in equity for the sale of property, the right to retain the share of the proceeds awarded to a distributee, for the payment of a simple contract debt due to him by the distributee, and simply because he is such individual creditor? We think he has no such right. The appellant had no *lien* on this fund, was not a judgment creditor of Landstreet, had not obtained from him a special assignment of this balance, nor had Landstreet given his assent to such appropriation of it. The fund was under the control of the Court, had been properly awarded to Landstreet, and the Court itself could not rightfully have ordered it to be paid to the appellant without such assignment or assent. The first assignment made of it by Landstreet was to the appellees by his deed of trust for the benefit of all his creditors, and the appellant must take his chances for a dividend

under that deed like any other simple contract creditor of the grantor. His position as trustee for the sale of the property, and the fact that the money came into his hands in that capacity, gave him no right to retain it for his individual debt.

> *Order affirmed, and*
> *cause remanded.*

(Decided 26th March, 1889.)