[No. 1768.]

FLORENCE–GOLDFIELD MINING COMPANY, a COR-
PORATION, PETITIONER, v. THE DISTRICT COURT
OF THE FIRST JUDICIAL DISTRICT OF THE
STATE OF NEVADA, IN AND FOR THE COUNTY
OF ESMERALDA, FRANK P. LANGAN, JUDGE OF
SAID COURT, AND LITTLE FLORENCE MINING
COMPANY, a CORPORATION, RESPONDENTS.

1. DEPOSITS IN COURT—STATUTORY PROVISIONS—GROUNDS. ·A mining lease
required the lessee to deliver the ore to the lessor, who should ship or
mill the same, and pay to the lessee a specified per cent of the pro-
ceeds of the smelter or mill returns. The lessor sued the lessee for
damages for violation of the lease, and admitted that it had in its pos-
session a specified sum representing the proceeds of ore, which sum
belonged to the lessee. *Held*, that the lessor was trustee for the lessee
for such sum, and under Comp. Laws, 3240, providing that the court
may direct a party holding property as trustee for the adverse party
to deposit the same in court, etc., the court could, on motion of the
lessee, require the lessor to pay such sum into court.

2. SET-OFF AND COUNTERCLAIM—SUBJECT-MATTER—PARTIES—MINES AND MIN-
ERALS—LEASES. A lessor in a mining lease, having in its posses-
sion as trust funds money belonging to the lessee as the proceeds of
ore mined and delivered by the lessee under provisions of the lease,
cannot retain such funds in order that he may offset against the same
an amount of damages due him for a violation of the lease by the
lessee, for a debt accruing to one in his individual capacity cannot be
set off against a debt due from him as trustee.

3. DEPOSITS IN COURT—JURISDICTION OF COURT. Where a lessor, in a mining
lease stipulating that he should dispose of the ore mined and delivered
to the lessee a specified per cent of the proceeds, admitted, in an
action against the lessee for damages for violation of the lease, that it
held proceeds of ore belonging to the lessee, and alleged that a consid-
erable portion of the proceeds was derived from ore wrongfully taken
by the lessee from ground expressly reserved from the lease, the vir-
tual admission of defendant's right to such proceeds, less some indefi-
nite portion thereof, was sufficient to give the court jurisdiction to
order the lessor to pay such proceeds into court, as authorized by
Comp. Laws, 3240.

4. CERTIORARI—QUESTIONS REVIEWABLE—JURISDICTION OF COURT. On *certio-
rari* to review an order entered by the district court in a suit pending
before it, the only question is that of the jurisdiction of the district
court, and any error in the order cannot be considered.

ON PETITION FOR REHEARING.

1. APPEAL AND ERROR—MOOT QUESTIONS. The supreme court will not pass
upon a speculative question in advance of the ruling of the trial court.

ORIGINAL APPLICATION.  *Certiorari*  by the Florence-

Goldfield Mining Company against the District Court of the First Judicial District of the State of Nevada, Esmeralda County, Frank P. Langan, District Judge, and others, to review an order made in the District Court by the Judge thereof. **Writ dismissed.**

The facts sufficiently appear in the opinion.

*Watson & Van Dyck,* for Petitioner:

I.   The court cannot even by consent of parties pass upon questions not raised by the written allegations of the pleadings. (*Marshall* v. *Golden Fleece M. Co.,* 16 Nev. 156, 177; *Swan* v. *Smith,* 13 Nev. 257, 260; *Frevert* v. *Henry,* 14 Nev. 191.) It is a well-established principle of law that the findings of the court should be confined to the facts at issue and the judgment of the court must be warranted by the pleadings. (*Perkins* v. *Sierra Nevada Co.,* 10 Nev. 405, 413; *Ex Parte Dela,* 25 Nev. 346; *Ex Parte Webb,* 24 Nev. 238, 242.) In order for the district court to have authority to make the order for payment of money into court the following facts must have occurred: Plaintiff must hold as trustee. The money must belong or be due to defendant. Plaintiff must have and must claim no interest in the money. The three above facts must have stood admitted at the time the motion was made, either by the pleadings or by the examination of the party. The motion must be based on the pleadings or be authorized thereby. The order must not be broader than the pleadings and must be supported by the issues raised by the pleadings. The order of June 11th was void and beyond the jurisdiction of the district court because the matters therein decided would be *res judicata* and would conclude the plaintiff at the trial on the issues made by the pleadings. It denies to plaintiff a trial by jury on the issues made by the pleadings. It finally adjudicates that the plaintiff is not the owner of the ore, the proceeds of which are in controversy, and that the defendant is the owner thereof. The affidavit by which this motion was supported and the motion itself are jurisdictional, and do not state facts sufficient to confer jurisdiction upon the court to make such order. In making the order the court did not find the existence of facts necessary to

give it jurisdiction. The order for commitment for contempt was beyond the jurisdiction of the court because the order of June 11th being beyond the jurisdiction of the court, any further order based thereon was also beyond the court's jurisdiction to make. The affidavit on which the order of contempt was based was jurisdictional, and did not state facts sufficient to confer jurisdiction upon the court to make such order. The findings of the court in connection with the order of contempt did not find facts sufficient to give the court jurisdiction. By such order the court attempted to imprison the president and general manager of the plaintiff for debt, contrary to law.

II. *Certiorari* lies in this case. (*Reid* v. *Steele*, 7 Idaho, 571, 64 Pac. 892; *Lutz* v. *District Court*, 29 Nev. 152.) When the right of appeal has been denied *certiorari* lies. (6 Cyc. 762; *Skinner* v. *Maxwell*, 67 N. C. 257.) Respondents maintain upon this argument that the motion made on April 20th to require plaintiff to pay money into court was under section 145 of the practice act and the court proceeded on the same theory. In order to give the court jurisdiction the statute must be strictly complied with and every word and clause must be given effect and meaning. (*Souter* v. *Sea Witch*, 1 Cal. 162; *Conger* v. *Dougherty*, 43 N. Y. 107.) Therefore, since section 145 is a single sentence prefaced by the words "when it is admitted," which words apply to all that follows, these words must be given full force and effect and the statute construed strictly with reference to them. The lower court has no jurisdiction to order money paid into court unless the party holding the money admits in his pleadings or admits upon his examination that he holds such money as trustee for the party, or admits, in the same manner, that the money so held belongs to the other party, and that he (the party holding the money) has no legal or equitable claim whatever to said money. (*Corbett* v. *Meyers*, 10 Grant, Ch. Rep. 36; *St. Victor* v. *Devereaux*, 36 Eng. Ch. Rep. 641; *Hagell* v. *Currie*, 2 Ch. 449; *McKim* v. *Thompson*, 1 Bland, Ch. Rep. 150; *Hopkins* v. *McEldery*, 4 Md. Ch. 22. For approval of two preceding cases see *Dillon* v. *Insurance Co.*, 44 Md. 386; *Coursen* v. *Hamlin*, 2 Duer, 513, 518; *McTighe* v.

*Dean*, 22 N. J. Eq. 81; *Ex Parte Casey*, 71 Cal. 269; *Green* v. *Duvergey*, 146 Cal. 379; *In re Paschal*, 10 Wall. 483; 9 Ency. Pl. & Pr. 741.) See *Rodgers* v. *Pitt*, 89 Fed. 427, opinion by Hawley, J., for approval of *Ex Parte Casey*.

III. The relations of the parties in this case are merely contractual and not fiduciary. (2 Lindley on Mines, p. 1581, sec. 861; *Hudepohl* v. *Liberty Hill Co.*, 80 Cal. 553; *State* v. *State Journal Company*, 9 L. R. A. 176, 106 N. W. 434; *Patten* v. *Warner*, 11 D. C. App. Cases, 161.) Even in the case of a trustee such trustee will not be ordered to pay into court if he claims an interest· in the fund. (*Chaffers* v. *Headlam*, 17 Jur. 754.)

IV. Upon *certiorari* the court will examine the evidence in order to ascertain whether the inferior court exceeded its jurisdiction. (*Stumpf* v. *Supervisors*, 131 Cal. 307; *McClatchy* v. *Superior Court of Sacramento County*, 39 L. R. A. 691, 119 Cal. 413; *Ex Parte Dela*, 25 Nev. 345.)

*Detch, Carney & Stevens*, for Respondents:

I. It is contended by petitioner that the court was without jurisdiction to enter the particular order for the reason that it claimed that it had a valid claim as against the money for the purpose of recouping itself for any damages which might be proved by virtue, as alleged, of· the operation of the lease in an unworkmanlike manner, under the covenants of the same. Section 145 of the civil practice act, being section 3240 of Compiled Laws of the State of Nevada, authorizes the court: "When it is admitted, by the pleadings or an examination of a party, that he has in his possession, or under his control, any money or other thing capable of a delivery, which, being the subject of litigation, is held by him as trustee for another party, or which belonged or is due to another party, the court may order the same upon motion to be deposited in court, or delivered to such party, upon such conditions as may be just, subject to the further direction of the court." This is only an enactment in the code of civil procedure of the power exercised by courts of equity. The record discloses the fact that the money came from the proceeds of ore within the demised premises during

the term thereof, and the record fails to disclose that a for-
feiture had ever been claimed for any cause or violation of
any of the covenants of the lease.   The record also discloses
the practice indulged in between the petitioner and the Little
Florence Mining Company with reference to the distribution
of the money, the lease providing, among other things, as fol-
lows:  "All ore, whether shipping or milling ore, to be ship-
ped or milled by and under the control and direction of the
lessor, who, after deducting the expense thereof, shall render
and pay to the lessee 80 per cent on $50 ore and under, and
on ore over $50 value 75 per cent of the proceeds of the net
smelter or mill returns thereof, less the deduction hereinafter
provided for, the said lessor retaining the balance of such
proceeds.   The net smelter or mill returns shall be the assay
value of the ore returned by the mill or smelter with deduc-
tions, less the cost of transporting the ore from the mine to
the mill or smelter, and the charge for the milling or smelt-
ing the same."

II.   The right of appeal has not been denied the petitioner.
The court was of the opinion that the order appealed from
was not an appealable order.   The court had not the power
nor the authority to deny petitioner an appeal.   If the order
is an appealable order, the appeal is taken under the statute,
and if the same is not an appealable order it is the duty of
the opposite party to move for its dismissal when an appeal
is lodged in this court.   It was contended that the matters
decided upon the motion were *res adjudicata*, and would
conclude the plaintiff at the trial on the issues made by the
pleadings, and that it denied the plaintiff a trial by jury.
The pleadings disclose that the plaintiff's action is an action
for damages for an alleged violation of the covenants of the
lease.   The specific fund ordered into court is not the sub-
ject of the litigation, nor do the pleadings make it the sub-
ject of the litigation.   It was a specific fund received in a
particular way which came into the hands of the petitioner
under the terms of the lease in which they were the trustees.
The court, in deciding the motion, did not determine any
rights under the pleadings.   It did not determine that there
had not been a violation of the lease, nor could it have so

determined. It was not an adjudication of any of the issues made by the pleadings, nor will the petitioner be denied the right of trial by jury by virtue of the order of the court. The contention is that the pleadings show, and so does the petition upon which the writ was based show, that the petitioner claims "a valid and subsisting claim to the money, and has a right to retain the same to recoup itself for loss and damages suffered and sustained on account of the trespasses," which demonstrates beyond doubt that the specific fund is not the subject of the litigation, but that the petitioner desires to hold it to recoup itself in case damages are awarded. Upon what right or theory of law they maintain the position cannot be comprehended. There is no showing on behalf of the petitioner, if all was admitted, that the defendant company was insolvent and was unable to respond in damages.

By the Court, NORCROSS, J.:

This is an original proceeding in *certiorari* to review an order, made in the respondent court by the respondent judge, requiring the petitioner herein to pay into court the sum of $117,935.96, in the case of *Florence-Goldfield Mining Company, a Corporation, Plaintiff*, v. *Little Florence Mining Company, a Corporation, Defendant*.

At the time of the bringing of the action in the lower court the defendant corporation, Little Florence Mining Company, was the owner of a mining lease upon the property of the plaintiff corporation in the Goldfield Mining District. Plaintiff brought its suit against the defendant for the sum of $50,000 damages, because of the alleged violation of the terms of the lease. To this complaint the defendant filed an answer, denying all of plaintiff's allegations of damages, and set up a cross-complaint, alleging: "That on the 11th day of April, 1908, and prior to the filing of the complaint in this action, the plaintiff had in its possession and under its control about the sum of $100,000 belonging to this defendant, as its proportion of the proceeds derived from the sale of ores extracted by the defendant from the premises included in the Little Florence lease, prior to said date, and which by

the terms of said lease the plaintiff should have paid over to
the defendant." Thereupon the defendant corporation noticed
a motion to require the plaintiff to pay into court the sum of
$100,000, "the subject of this action." The motion was based
upon the following grounds: "That it appears upon the face
of the pleadings in said action that said defendant and cross-
complainant was operating a lease upon the property of
plaintiff; and that, under and by virtue of said lease, and in
compliance with the covenants thereof, had extracted large
quantities of ore, which were delivered to plaintiff, and
that plaintiff is holding as trustee defendant's and cross-
complainant's proportion of said proceeds, amounting to the
sum of one hundred thousand dollars ($100,000)."

Before hearing upon this motion the plaintiff, by leave of
court, filed an amended complaint, in which it was alleged
that in violation of the terms of the lease the defendant had
removed the ground underneath and within five feet of cer-
tain levels, and within ten feet of the main working shaft.
The complaint further alleged: "* * * That the ground
underneath said levels and around said working shaft so
wrongfully removed by said defendant contains or did con-
tain deposits of gold-bearing ore of great value, and the pro-
ceeds derived from the sale thereof was and is now the sole
property of the plaintiff under the terms and conditions of
said lease, and said defendant has no right, title, or interest
therein or thereto; and plaintiff alleges that a considerable
portion of the proceeds of the ore broken and raised from
said premises by said defendant, which has come into the
hands of the plaintiff and is now held by it, was derived from
ore so wrongfully taken by said defendant from said ground.
Plaintiff further alleges that under the terms and provisions
of said lease said defendant was required to work said prop-
erty in a thorough and workmanlike manner, looking to the
preservation and further development of same as a workable
mine; but plaintiff avers that said defendant has not so
worked said property, but, on the contrary, has disregarded
said provisions, and violated the terms of said lease or
contract, and has worked and managed said mine and the
various tunnels, drifts, shafts, or excavations in such a reck-

less and careless manner as to injure and damage the same and to seriously diminish the value of plaintiff's property as a workable mine. That the plaintiff has been damaged by the wrongful acts complained of in the sum of one hundred and twenty-five thousand dollars ($125,000)." By stipulation of the parties the answer and cross-complaint of the defendant was considered as the answer to the amended complaint.

By the terms of the lease, a copy of which was made a part of the complaint, it was provided that the lessee was "to not ship any ore, but to deliver all ore broken and raised from said mining property or premises to the lessor, the shipping ore to be sacked by and at the expense of the lessee, and all ore, whether shipping or milling ore, to be shipped or milled by and under the control and direction of the lessor, who, after deducting the expense thereof, shall render and pay to the lessees 80 per cent on $50 and under, and on ore over $50 value, 75 per cent of the proceeds of the net smelter or mill returns thereof, less the reduction hereinafter provided for; the lessee retaining the balance of such proceeds. The net smelter or mill returns shall be the assay value of the ore returned by the mill or smelter, with deductions, less the cost of transporting the ore from the mine to the mill or smelter and the charge of milling or smelting the same. Said ore to be shipped or milled within a reasonable time after having been brought to the surface and prepared therefor, and all ore broken and raised and remaining undisposed of upon the determination of this lease, that cannot then be profitably smelted or milled, shall be and become the property of the lessor, unless the lessees within ten days from the date of said determination request the lessor, in writing, to have said ore smelted or milled." Upon the hearing of the motion it was admitted by the plaintiff, petitioner herein, that it had in its possession the sum of $117,935.96, representing the amount of receipts from ore from defendant's lease shipped by the plaintiff in accordance with the provisions of the lease, and which amount would have been the defendant's portion of the proceeds, had all provisions of the lease been complied with.

The order in question in this proceeding is based upon the provisions of section 145 of the civil practice act (Comp. Laws, 3240), which reads as follows: "When it is admitted, by the pleading or examination of a party, that he has in his possession, or under his control, any money or other thing capable of delivery, which, being the subject of litigation, is held by him as trustee for another party, or which belongs or is due to another party, the court may order the same, upon motion, to be deposited in court, or delivered to such party, upon such conditions as may be just, subject to the further direction of the court." It is contended by counsel for petitioner that the court had no jurisdiction to make the order in question, for the reason that it is not only not admitted that it has the sum of money in question in its possession, which it holds as trustee for the defendant corporation, but, on the contrary, it alleges that the defendant is indebted to it in an amount larger than the sum directed to be paid into court. The moneys which the plaintiff corporation from time to time received as the proceeds from ore extracted from defendant's lease, after deducting its royalty therefrom, must be regarded as being held by it as trustee. The ore extracted from the leased premises was the property of the lessee, subject to the royalty upon the same. By the terms of the lease this ore was required to be delivered to the plaintiff corporation, which shipped it in its name to the ore reduction works, received the proceeds thereof, deducted the expense of treatment, other proper charges, its royalty, and the balance was to be paid to the lessee to whom in equity it belonged.

Of the $117,935.96, which the plaintiff in the lower court admitted would be due the defendant from the proceeds of ore from the lease, providing the lessee had complied with the terms and conditions of the lease, a portion of it is claimed to be held to recoup the plaintiff for damages alleged to be due plaintiff for violating the terms of the lease as to the manner in which the leased premises should have been mined. Another portion of it is claimed to be the absolute property of the plaintiff, for the reason that it is alleged to be from ore which the defendant extracted from ground

reserved from the lease and belonging exclusively to the plaintiff. Plaintiff has no right to retain in its possession trust funds belonging to the defendant, in order that he may offset against such funds an amount of damages alleged to be due it for a violation of the terms of a contract; for the reason that a debt accruing to one in his individual capacity cannot be set off against a debt due from him as trustee. (*First Nat. Bank* v. *Barnum*, 58 Mich. 124, 315, 24 N. W. 543, 25 N. W. 202, 55 Am. Rep. 660; *Abbott* v. *Foote*, 146 Mass. 333, 15 N. E. 773, 4 Am. St. Rep. 314; *Poe* v. *Snowden*, 70 Md. 383, 17 Atl. 377; *Owens* v. *Barroll*, 88 Md. 204, 40 Atl. 880; *Dillon* v. *Insurance Co.*, 44 Md. 386; *Tagg* v. *Bowman*, 99 Pa. 376; *Peters* v. *Bank*, 86 Tenn. 224, 6 S. W. 133; 25 Am. & Eng. Ency. Law, 533; 28 Am. & Eng. Ency. Law, 1016; Lewin on Trusts, p. 285; Perry on Trusts, sec. 863.) So far as plaintiff's claim is concerned, we do not think it would affect the power of the court to direct the payment into court of an amount of money admitted to be held in trust.

If it were contended that all of this money was from the proceeds of ore, which ore was itself the property of the plaintiff, because extracted from ground expressly reserved from the lease, the case would be different; for then there would be no admission that any of this money was held by plaintiff as trustee for defendant. The allegation in plaintiff's complaint in this regard is as follows: "Plaintiff alleges that a considerable portion of proceeds of the ore broken and raised from said premises by said defendant, which has come into the hands of the plaintiff and is now held by it, was derived from ore so wrongfully taken by said defendant from said ground." The allegation is very indefinite as to what amount is claimed to rightfully belong to plaintiff as the proceeds from ore taken from its ground; but as not all of it, nor any specific amount, is so claimed, there is, in effect, an admission that all of it, less some indefinite portion so held by plaintiff, belongs to defendant. This virtual admission was, we think, under the provisions of the statute quoted, sufficient to give the court jurisdiction to make the order sought by this proceeding to be annulled. (Daniell's Chancery Pl. & Pr. p. 1779.) If there was any error in the

order made, such order could not be considered in this proceeding; for the only question that can be determined upon *certiorari* is that of jurisdiction.

The court having jurisdiction to make an order in the premises, the writ is dismissed.   Respondents are entitled to their costs.

### On Petition for Rehearing.

By the Court, Norcross, J.:

The petition for a rehearing in this proceeding goes mainly to the question of error in the ruling of the court, rather than to the jurisdiction to make the order sought to be annulled on *certiorari*.   We see no reason to change the views heretofore expressed upon the question of jurisdiction.

Counsel for petitioner urge that the position taken by this court in reference to the indefinite allegation in the complaint as to the ownership of ore extracted by the defendant from the leased premises is susceptible of a possible misconception by the lower court, and might be held to warrant the trial court in excluding evidence as to plaintiff's ownership in the ore extracted, or justify it in refusing an amendment of plaintiff's pleadings so as to make the allegation of ownership definite.   In advance of a ruling of the trial court admitting or excluding evidence, or granting or refusing an amendment to pleadings, this court would not presume to pass upon a question purely speculative.   Courts are liberal in granting permission to amend pleadings, especially before the trial, and there is nothing in the opinion of this court, heretofore rendered in this cause, which we think could be construed as abridging the right of plaintiff, upon a proper showing, to apply to the court for leave to amend its pleadings, if it desired to do so.

The petition for a rehearing is denied.