## JOYCE-PRUITT CO. v. DEXTER STATE BANK
## PECOS VALLEY LUMBER CO. v. SAME ·

(two cases)

#### SYLLABUS BY THE COURT.

An agent, who collects money belonging to his principal, has no right to set off against it an antecedent debt or claim owing to him by the principal, without first showing that the principal has agreed that he might so apply it.

Appeals from District Court, Chaves County; Richardson, Judge.

Action by the Joyce-Pruitt Company and two actions by the Pecos Valley Lumber Company against the Dexter State Bank. Judgments for plaintiffs, and defendant appeals. Judgments affirmed.

H. C. MAYNARD, of Roswell, for appellant.

H. M. Dow and TOMLINSON FORT, both of Roswell, for appellees.

#### OPINION OF THE COURT.

ROBERTS, J. The same identical questions are involved in each of the above cases, and upon stipulation of counsel they are submitted upon the same transcript

and briefs. The facts out of which the litigation arose may be briefly stated as follows:

Nelson Bros. were partners, engaged in farming and stock-raising. They were indebted to the Dexter State Bank in the sum of $492.50. They advertised a sale of their personal property, naming on the printed advertisements the Dexter State Bank as clerk of the sale and certain parties as auctioneers. After posting notices of the sale Nelson Bros. executed to the bank a bill of sale, covering all the property advertised for sale, for the purpose of securing the indebtedness which they owed the bank. The arrangement between the bank and Nelson Bros., as we understand the evidence, was that the bank was to act as clerk of the sale; that it was to discount the notes taken at the sale, and to pay the expenses of the sale, and turn over to Nelson Bros. the net proceeds of the sale, less the discounts, expenses, and its commission. The bank was to deduct from the proceeds the amount of indebtedness owing the bank by Nelson Bros. The bank, after the sale, had on hand approximately $1,309.50 net, belonging to Nelson Bros. They gave the bank a check covering the amount owing it. This amount the bank placed to their credit, and honored the check.

Either immediately prior to the sale, or after the sale, the bank purchased certain claims against Nelson Bros. At the sale, so the representative of the bank testified, certain parties purchased property belonging to Nelson Bros. and set off the purchase price with claims which they held against Nelson Bros. The bank also paid out certain moneys on mortgages and judgments against Nelson Bros. It asked that it be allowed an offset on the claims which it had purchased and held against Nelson Bros. and the money paid out on such judgments, mortgages, etc. The trial court held that the bank was not entitled to the offsets and credits claimed, and gave judgment for the appellees. To review such judgments the appeals are prosecuted.

There is no contention as to the money paid the bank
on the note owing by Nelson Bros., secured by the bill
of sale. This was paid, as stated, by Nelson Bros.' check.
The question is as to the right of the bank to an offset
on the claims purchased by it, and its claimed credits
for the moneys paids out on the mortgages, judgments,
etc. Appellant contends that, under the agreement be-
tween the bank and Nelson Bros., there was created
simply the relation of debtor and creditor; hence the
bank had a right to purchase claims against Nelson Bros.
and set off such claims against the demand of Nelson
Bros. If appellant is correct in this contention, un-
doubtedly the bank would have the rights claimed for it.
But here the bank was the agent of Nelson Bros., and by
virtue of such agency collected the money in question.
An agent, who collects money belonging to his principal,
has no right to set off against it an antecedent debt or
claim owing to him by the principal, without first show-
ing that the principal has agreed that he might so apply
it. Mechem on Agency (2d Ed.) § 1349. In the case
of Tagg v. Bowman, 99 Pa. 376, the court said.

"An agent cannot avail himself of an advantage given by
his agency to apply it to his own benefit, to the injury of
his principal."

In the case of Tagg v. Bowman, 108 Pa. 273, 56 Am.
Rep. 204, the court said:

"The receipt of money by one person from another, to be
applied to a specific purpose, implies an agreement on the
part of the former not to apply it to any other use, and of
course not to his own by pleading a set-off. Smuller v. Union
Canal Company, 1 Wr. [37 Pa.] 68; Bank v. Macalester, 9
Barr [Pa.] 475; Ardesco Oil Co. v. North American Oil &
Mining Co., 16 P. F. S. [66 Pa.] 375, 380. In Simpson v.
Pinkerton, 10 W. N. C. 423, we held that an attorney at law
or in fact employed to collect a claim, when he has received
the money, has no right to set off an antecedent debt or
claim of his own against his constituent, without first show-
ing that the latter agreed he might retain his demand out
of the money. It was also ruled, in Middletown & Harris-
burg Turnpike Road v. Watson, 1 Rawle [Pa.] 330, that an
agent of the company, who had received money to its use,
could not in a suit against him set off debts of the company
which he had paid without showing he had authority to pay

them. It is there said: 'As long as the agent acts within the scope of his authority, and no longer, he is protected. It was the duty of Watson to collect and pay over the funds as they came into his hands. It was for the company to direct the application of the money, when in the treasury or under their control, to the discharge of their debts, the repair of the road, or whatever purposes they might suppose most beneficial to the corporation. This they have been prevented from doing by an assumption of power by their agent and a misapplication of the funds of the company. If such a breach of trust should be permitted, it would, in practice, lead to great abuses, by introducing a scene of speculation and fraud the most disastrous, and of the most secret and dangerous nature.' "

The trial court evidently refused to allow the bank credit for the money paid out by it on the judgment and mortgage on the theory that it had no right to make the payments without specific authority of its principal, and further because the bank failed to show that these liens were legal and valid. It made no attempt to show this, going no further than to show that it had made the payments on a mortgage and a judgment. Nor did it attempt to show that the offsets which it had allowed purchasers of property at the sale were valid and legal debts owing by Nelson Bros.

Finding no error in the proceedings, the judgments in each of the causes will be affirmed; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.

### ON MOTION FOR REHEARING.

ROBERTS, J. Counsel for appellant has filed a motion for a rehearing, supported by an acrimonious brief, in which he asserts that the doctrine of law announced by the court is preposterous, and that the court failed to read the record. The burden of his complaint now seems to be that the court committed a grievous error in not giving the bank credit for $107.16, which it alleged that it had paid to Martin and Sweeney, alleged to have held a chattel mortgage on four head of horses.

He now asserts that the evidence shows that Nelson Bros. authorized this payment, and further that the mortgage was valid and binding.

First, as to the accusation made by counsel that the court failed to read the record: The record was read with great care by the writer of the former opinion. It fact it was necessary to read the record in full in order to arrive at any intelligent understanding as to the facts in the case. Appellant's assignments of error were as follows:

"(1) The court erred in rendering judgment against the appellant upon its answer filed herein.

"(2) The court erred in rendering judgment against the appellant in favor of said appellees.

"(3) The court erred in rendering judgment against the garnishee herein, for the reason that said judgment is not supported by the evidence.

"(4) That said judgment rendered herein is contrary to law and not supported by the evidence."

Under the rule announced by this court in the case of Farmers' Land & Development Co. v. Rayado Land & Irrigation Co., 18 N. M. 1, 133 Pac. 104, the court might well have declined to go into the merits of the case but, as the appellee had raised no question as to the sufficiency of the assignments of error, the court kindly refrained from noticing the deficiency of its own motion, and read the record in connection with appellant's brief, in order to enable it to determine the merits of the controversy.

It is well to state that, in the argument advanced by appellant in support of his claim that the cause should be reversed, the only language that might be construed as advancing the proposition which he now urges in his motion for rehearing is the following:

"Our contention is we did not owe the judgment debtor, except a small amount, which has been taken care of in the judgment, and that we should be allowed to set off the amounts as set out in this brief and shown by the evidence."

In his statement of the facts in the case the only reference to the matter, other than the itemized list of the claims, is as follows:

"The testimony is undisputed that the $107 paid by Martin and Sweeney was by virtue of an existing chattel mortgage and at the express wish of Nelson Bros., given prior to said sale."

Appellant sets out in his brief on the motion for re-hearing excerpts from the testimony which he claims show that Nelson Bros. authorized the bank to pay the $107.16 on the mortgage. The cashier of the bank was on the stand, and he was asked, "Upon whose orders did you pay this $107.16?" His answer was, "That is hard to state partly on Nelson's, and partly on my own." The witness further testified that the mortgage was a valid and subsisting lien upon the horses, but did not produce the mortgage, nor did he testify as to the amount called for by the same. The same witness later, however, testified that Nelson Bros. had asked them to place the proceeds of the sale to their credit, less the amount owing the bank under the bill of sale, and that Nelson Bros. themselves be permitted to check out the money and pay the various claims, and that Nelson Bros. never did consent for the cashier of the bank to pay the claims out of the money's derived from the proceeds of the sale.

The trial court, in view of the equivocal statement that Nelson Bros. had "partly" authorized them to apply the money on the mortgage, and the unequivocal statement to the effect that they had refused to authorize them to pay out any of the money, evidently elected to believe the latter, and this court is not prepared to say that the trial court was in error in so doing.

Counsel for appellant says that the judgment referred to in the former opinion was a judgment directed against the bank in garnishment, and was not questioned either by the parties or the court below, and that the bank was given credit for this amount. If this is true, appellant has no ground for complaint, because we simply affirmed the judgment of the trial court. From appellant's brief we took it that he was complaining of a failure .to allow credit for money paid on a judgment. If we were in error in assuming that the appellant was not given credit for money paid on the judgment, such error was occasioned, not by a failure to read the record, but by a lack of comprehension of the brief of appellant. After carefully going over the record again and re-reading appellant's original brief, we see no reason to depart from the former opinion, further than to say that the judgment referred to was paid by the bank, and that the bank received credit for the same in the trial of the case below.

For these reasons, the motion for rehearing will be denied and it is so ordered.

HANNA, C. J., and PARKER, J., concur.

---

(No. 1967.    Jan. 7, 1918.)
(On Rehearing, Nov. 13, 1918.)
## FIELD v. HUDSON.