## Tone *vs.* Brace.

Where a lessee was evicted upon a title paramount to that of the lessor, and the lessor after the eviction of the tenant sued him at law for the recovery of the rent reserved in the lease; *Held*, that the mere fact of the removal of the lessor to another state, without any allegation that he was insolvent or irresponsible, was not of itself sufficient to authorize the tenant to file a bill in this court for an injunction, to restrain the proceeding at law to collect the rent, and to obtain an offset of unliquidated damages arising from a breach of covenant of warranty contained in the lease.

It seems that the lessee, in such a case, is entitled, in the suit at law for the recovery of the rent, to *recoup* in damages to the extent of the injury sustained by the breach of the covenant for quiet enjoyment.

Whether under the provisions of the revised statutes, relative to implied covenants in conveyances of real estate, the word *demise*, in a lease for a term merely, implies a covenant on the part, of the lessor, of quiet enjoyment of the demised premises by the tenant; *Quære?*

THIS was an appeal from an order of the vice chancellor of the eighth circuit, dissolving an injunction. The defendant Brace, who was the owner of a farm in the county of Genesee, demised and leased the same to the complainant Tone, for five years from the first of April, 1837, at an annual rent of $550, payable on the first of January in each year during the continuance of the term; with the privilege of sowing on the farm an out-going crop of wheat, not exceeding fifty acres, and of removing or harvesting such crop notwithstanding the five years had expired. The complainant paid the rent for the two first years; and in the fall of the third year he put in a crop of forty-three acres of wheat, which was growing upon the land at the time of his eviction as hereafter mentioned. At the time of the giving of the lease there was a mortgage upon the farm, which was afterwards foreclosed in chancery; and a few days after the rent for the third year became due, Tone, the lessee, was evicted by a decree of that court, under a sale by a

master ; the rent for that year being then due and unpaid. Brace, the lessor, who had in the mean time left the state and removed to Michigan, afterwards commenced a suit in the supreme court to recover that rent ; notwithstanding the complainant had, as alleged by him in his bill, sustained a loss by reason of the eviction of at least five hundred dollars, exclusive of the damages he would sustain by being deprived of the privilege of putting in the out-going crop, according to the terms of the lease. Those damages would, as the complainant averred, amount to at least three hundred dollars more. Upon a bill stating these facts, and also stating that the lessor was insolvent, an injunction was granted staying him from proceeding at law to enforce the payment of the third year's rent. Upon the coming in of the defendant's answer, denying that he was insolvent, the vice chancellor dissolved the injunction.

*J. V. L. Pruyn*, for the appellant.

*E. Darwin Smith*, for the respondent.

THE CHANCELLOR. Two objections are made to the complainant's right to an injunction in this suit : *First*, that there were no covenants in the lease which gave to the lessee any legal or equitable claim upon the lessor for the damages which the former had sustained in consequence of the eviction ; and *Secondly*, that if the defendant was liable for such damages, the complainant had a perfect remedy at law. If either of these objections is well taken, it is sufficient to sustain the order of the vice chancellor dissolving the injunction.

It is not seriously contended by the respondent's counsel that the word *demise*, in a lease for years, was not sufficient at the common law to raise an implied covenant of warranty as to the quiet enjoyment of the demised premises ; not only against the lessor himself but also as against all others claiming by paramount title. (*See Platt on Cov.* 47 ; *Barney* v. *Keith*, 4 *Wend.* 502.) But he insists that

the 140th section of the article of the revised statutes relative to alienation by deed, (1 *R. S.* 738,) has changed this principle of the common law, as well in relation to leases for terms of years as in deeds which purport to convey a freehold estate in real property. That section declares that " no covenant shall be implied in any *conveyance* of real estate, whether such *conveyance* contain special covenants or not." The word real estate in this section is sufficient to embrace an interest in land less than a freehold. (1 *R. S.* 750, § 10.) And the supreme court has decided that this provision of the revised statutes extends to implied covenants in leases for years, as well as in conveyances for life or in fee. (*Kinney* v. *Watts*, 14 *Wend. Rep.* 38.) Were it not for that decision, I certainly should have doubted whether the word conveyance, in the connection in which it is found in that article of the revised statutes, was intended to embrace mere chattel interests in land, or contracts between landlord and tenant; so as to exclude the implied warranty on the part of the landlord for the quiet enjoyment of the demised premises by the tenant, and the implied covenant of the latter to pay the rent reserved in the lease. And as the demised premises in the case of *Kinney* v. *Watts* were situated in New-Jersey, I do not see how this provision in the revised statutes of the state of New-York could be made applicable to the implied covenant of warranty in that lease ; even if it appeared from the declaration that the lease upon which the suit was·brought was executed here. It is not necessary, however, in this case, to enquire whether the proper construction has been put upon the word conveyance, in this section of the revised statutes, by the supreme court ; for I think the order appealed from must be affirmed upon the ground that the complainant, if he had any claim against the defendant on his lease, had a perfect remedy at law.

The recent case of *Ives & McCarty* v. *Van Epps & Shattuck*, in the supreme court, (22 *Wend. Rep.* 155,) appears to go the length of allowing the lessee who has sustained damages by a breach of the contract on the part of the les-

sor, to *recoupe* in damages, to that extent, in the action brought by the lessor upon the covenant for the non-payment of rent. But whether he could or could not have made such a defence in this case, the fact that the lessor has removed to another state, the allegation of insolvency being fully denied by the answer, is not a sufficient ground for an injunction to restrain the lessor from proceeding at law to collect his rent, if any is due. The insolvency of the plaintiff in a suit at law may sometimes make it the duty of this court to interfere and compel an equitable set-off which could not be made at law ; especially where the claim to a set-off arises out of the same transaction. But if the plaintiff in the suit at law is perfectly responsible, so that an ample remedy exists against him by a cross-action, there is no equitable principle which makes it the duty of this court to assume the jurisdiction of matters that can be better tried before a jury in a court of law. In *Murray* v. *Tolland & Mead*, (3 *John. Ch. Rep.* 569,) one of my predecessors in this court refused to interfere, although the defendant against whom the set-off was claimed by the complainant resided in Spain. And if the fact that the party was out of the United States was not a sufficient ground for the interference of this court in that case, the residence of Brace in one of our sister states was not alone sufficient to sustain the injunction, upon this bill and answer.

The order appealed from is therefore affirmed with costs.