MARK H. SPAULDING & another, executors, *vs.* BOARDMAN
P. BACKUS & others.

Hampshire.   Sept. 26, 1876.—June 29, 1877.   COLT, MORTON & SOULE,
JJ., absent.

A note given by A. to B. and not yet due, cannot, in equity, be set off against a note
given by B. to A., upon which A. has brought an action for the benefit of C., to
whom he assigned it, although C. knew at the time of the assignment that A. was
insolvent, and A. was subsequently declared a bankrupt.

BILL IN EQUITY, filed April 29, 1875, by the executors of the
will of Jonathan S. Baker, against Boardman P. Backus, Wil-
liam H. Stoddard and J. D. Kellogg to restrain an action at law
upon a certain promissory note, and to enforce in set-off a cer-
tain other promissory note, not yet due, made by the defendant
Backus and payable to the plaintiff's testator.

Hearing upon the pleadings and a master's report, before
*Gray*, C. J., who reserved the case for the consideration of the
full court.   The facts appear in the opinion.

*S. T. Spaulding*, for the plaintiffs.

*D. W. Bond & H. H. Bond*, for the defendants.

ENDICOTT, J.   The plaintiffs' testator, Jonathan S. Baker,
agreed on or about March 1, 1871, to lend the defendant Backus
$5000 upon his note for that sum, payable in six years, and to
take an assignment of a certain contract as collateral.   The note
was given and the contract assigned.   Backus received, at the
time, Baker's note for $3180, payable in four months, and cash
to the amount of $1820.   This note was payable to Backus, and
on June 29, 1871, was duly assigned for value to the defend-
ants Stoddard and Kellogg, and the next day they notified the
plaintiffs (who, in the mean time, had been appointed execu-
tors of Baker) of the assignment, and that they should demand
payment of the note according to its tenor.   At the time of the
assignment, they knew Backus was in failing circumstances, and,
in August following, he was adjudicated a bankrupt.   Upon this
note an action was brought against the plaintiffs for the benefit
of Stoddard and Kellogg, and the note of $5000 was filed in set-
off.   It was held that the promise of Backus to pay his note of
$5000 at maturity, and the delivery of the collateral security

constituted a sufficient consideration for the promise contained in the note of $3180 to pay that sum at an earlier date. *Backus* v. *Spaulding*, 116 Mass. 418. There was a consideration for the note given to Backus, and an action could be maintained upon it as a separate contract. The two notes constituted separate and distinct contracts payable at different times. Baker was to lend Backus $5000 and take a long note for the same with collateral security. The loan was made up of cash and the short note, which was evidently given to enable Backus to realize the amount of the loan. To properly carry out the agreement and the contract, each note must be paid according to its terms ; to hold otherwise would be contrary to the intention of the parties. To allow the $5000 to be set off, would have defeated the very object of the loan.

It is conceded by the plaintiffs that the note of Backus, not being due, cannot be set off at law, and the question raised by this bill is whether it can be in equity, and, upon principle and authority, we think it cannot.

It may be stated, as a general rule, that a court of equity will not stay proceedings in an action at law, unless the plaintiff has some equitable ground of defence not available at law ; or, having a defence, has been prevented by fraud or accident from availing himself of it, without negligence on his part. *Hendrickson* v. *Hinckley*, 17 How. 443. And, in the matter of set-off, courts of equity follow the courts of law, except where there is some equitable ground growing out of the transaction or the relation of the parties, which brings the case within the general jurisdiction of a court of equity, and justifies granting relief beyond the rules of law. *Holbrook* v. *Bliss*, 9 Allen, 69, 77. The existence of cross demands is not a sufficient ground for interference ; the party seeking the benefit of the set-off must show some peculiar equity which entitles him to be protected against his adversary's demand.

Under this rule it has been held, in cases resembling the case at bar that courts of equity will not interfere with proceedings at law In *Rawson* v. *Samuel*, Cr. & Ph. 161, 178, Lord Cottenham decided that he could not, on the ground of equitable set-off prevent a party recovering a sum awarded him in an action at law, merely because there was an unsettled account between him

and the other party arising out of the same contract. See also *Clark* v. *Cort*, Cr. & Ph. 154. ·Nor can a debt due at a future time be set off against a debt presently due, either in law or equity. *In re Commercial Bank*, L. R. 1 Ch. 538. *Jeffryes* v. *Agra & Masterman's Bank*, L. R. 2 Eq. 674.

Leaving out of view the subsequent transactions, and the other circumstances previously recited, it is clear that these plaintiffs could have had no ground of equitable set-off against an action brought by Backus upon the note for $3180, when due, merely by reason of the fact that they held the note of Backus due at a future day, although both notes were made in connection with the same transaction. But it is contended that the fact that Backus was afterwards adjudged a bankrupt, and also that Stoddard and Kellogg knew that he was insolvent when they took the assignment, raise equities, which entitle these plaintiffs to set off the note not yet due.

It is well settled that an assignee of a chose in action, while he takes it subject to all equities existing between his assignor and the debtor at the time the notice of the assignment is given, is not to have his rights affected by any matter or claim subsequently arising. *Brown* v. *Maine Bank*, 11 Mass. 153. *Greene* v. *Darling*, 5 Mason, 201, 214. *Watson* v. *Mid-Wales Railway*, L. R. 2 C. P. 593. The subsequent bankruptcy of the assignor cannot defeat the assignment, or raise an equity that would enable the debtor to set off a debt not due ; *Dix* v. *Cobb*, 4 Mass. 508 ; *Winch* v. *Keeley*, 1 T. R. 619 ; and cannot be availed of to defeat an action brought by the bankrupt for the benefit of the person to whom he assigned the chose in action before the bankruptcy. *Boyd* v. *Mangles*, 16 M. & W. 337. In such a case, the rule of mutual credits in bankruptcy is not to be extended beyond the proceedings in bankruptcy or other analogous proceedings, and cannot be applied by a court of equity, simply because the assignor afterwards became a bankrupt. Nor are the rules relating to the settlement of insolvent estates of persons living or deceased, or to actions brought by assignees under an assignment for the benefit of creditors, to have application to the claim of an assignee of a chose in action. See *Aldrich* v. *Campbell*, 4 Gray, 284 ; *Smith* v. *Felton*, 43 N. Y. 419, 422, 423 ; *Commonwealth* v. *Shoe & Leather Dealers' Ins. Co.* 112 Mass. 131.

. The second question then arises, whether the knowledge on the part of Stoddard and Kellogg, at the time of the assignment, that Backus was insolvent, raises such an equity that these plaintiffs may be let in to prove in set-off the note of the assignor, in their hands, not yet due.

There is some conflict of authority, how far the insolvency of one of the parties is a sufficient ground for a court of equity to exercise its jurisdiction in allowing an equitable set-off. See *Greene* v. *Darling, ubi supra,* and cases cited; *Lindsay* v. *Jackson,* 2 Paige, 581; 2 Lead. Cas. in Equity, (4th Am. ed.) 1346. But we consider it unnecessary to enter into an elaborate examination of the authorities on this question. Whatever may be the rights of a party whose debt is due and payable, to compel an insolvent debtor to set off a claim against him not due, — which question we are not called upon here to decide, — we are clearly of opinion that a party, whose debt is not due, has no equitable claim to have it set off against a debt of his own, already due, in the hands of a party who is insolvent.

In *Rawson* v. *Samuel,* Cr. & Ph. 161, 175, previously cited, which was a bill to stay proceedings in an action at law, and prevent the defendant from recovering the sum awarded by a jury, and to set off an unsettled account, Lord Cottenham was of opinion that the insolvency of the defendant, who had brought the action at law, could give the plaintiff no equity.

In *Lindsay* v. *Jackson,* 2 Paige, 581, the plaintiffs held an overdue acceptance of the defendants, who were insolvent. At the same time, the defendants held notes of the plaintiffs not due. The bill sought to restrain the defendants from negotiating the notes, and prayed that the amount due them might be applied in set-off against the amount due on the acceptance. The bill was sustained on the ground that it would be unjust and inequitable to permit the defendants to dispose of these notes, either for their private purposes or in payment of their general or favorite creditors, leaving the plaintiffs' acceptance unpaid. Chancellor Walworth, in delivering the opinion, remarks : " It might present an entirely different question if the defendants' debt was now due from the complainants, who were seeking to compensate it by a claim against the defendants payable at a future day." And, after citing from Pothier on Obligations, 590,

he adds : " Here, the defendants could not claim present payment of their notes, due six months hence, and therefore it would be inequitable for them by an offset to compel the complainants to pay those notes before they became due. But as the debt of the defendants is due, and if they paid it immediately, according to their agreement, the complainants might, without any injustice to the other party, waive the time of credit which was for their own benefit, and pay the notes immediately with the money thus received, the defendants have no cause to complain of such a mode of compensating one debt by another."

The case here suggested, to which the doctrine of equitable set-off would not apply, is the case at bar ; and the precise question afterwards arose in the same state. In *Bradley* v. *Angel*, 3 Comst. 475, the plaintiffs were indebted to the defendants' testator in a large sum, to recover which the defendants had brought an action at law. The plaintiffs thereupon brought a bill to compel a set-off of certain notes given to them by the testator, not yet due, and to restrain the action at law. The estate of the testator was insolvent, and it was held that the bill could not be maintained.

The distinction pointed out in these two cases appears to be just and reasonable. For, assuming that a court of equity may enforce a set-off in favor of a plaintiff, to whom a debt is due, against an insolvent debtor, who holds a claim not due, it by no means follows that it would be equitable to protect a plaintiff from the payment of his debt according to his contract, simply because the defendant, against whom he has a claim due at a future day, is at the time insolvent. In the one case, an insolvent debtor, refusing to pay his own debt already due, would be simply restrained from holding a claim, not due against the plaintiff, as an investment, or for the purpose of paying or preferring creditors, and might be compelled to set it off, if the plaintiff was ready to anticipate the payment. In the other, the plaintiff would be relieved from the performance of his contract presently due, and be allowed to obtain payment of his own claim before it is due by the terms of his contract.

It is conceded that this cannot be allowed at law, and we are aware of no case where the doctrine of set-off has been carried to that extent in equity, and the authorities already cited are clearly against it.

There are other grounds, arising out of the peculiar facts and the nature of the transactions disclosed by the record, well worthy of examination, upon the question whether the plaintiffs can maintain this bill, but we have not considered them, as, for the reasons stated, we are of opinion that the entry must be

*Bill dismissed, with costs.*