SAMUEL A. B. ABBOTT *vs.* HENRY W. FOOTE & another.

Suffolk.    January 30, 1888. — March 2, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Trust and Trustee — Income — Assignment — Set-off — Probate Court.*

A trustee cannot withhold the income of a trust fund from the beneficiary's assignee in order to repay to himself, by way of set-off, money lent by him to the beneficiary, prior to his appointment as trustee.

The Probate Court has no power to decide whether the trustee or the assignee is entitled to such income, and a decree allowing the trustee to credit himself with it towards his debt on an account, no personal notice of which was given to the assignee or the beneficiary, is void.

BILL IN EQUITY, filed December 6, 1886, against Henry W. Foote, trustee under the will of Eliza A. Dwight, and against Chapman Dwight, her son, to compel the payment of the income of a trust fund, created by the will for the latter's benefit, to the plaintiff as his assignee.

Hearing on the bill, answers, and agreed facts, before *C. Allen,* J., who reported the case for the consideration of the full court. The facts appear in the opinion.

*J. G. Abbott,* for the plaintiff.

*M. Williams,* for the defendant Foote.

MORTON, C. J.    Mrs Dwight, by her will, gave to the defendant Foote, as trustee, a fund, upon the trusts to pay the

income to her son, Chapman Dwight, during his life, and upon his death to divide the principal among his children. After her death, Chapman Dwight, for a valuable consideration, assigned to the plaintiff all his interest under his mother's will; and this suit is brought to require the trustee to pay to the plaintiff the income of the fund. The defence is, that Chapman Dwight owes the trustee, in his individual capacity, a sum of money borrowed before Mrs. Dwight's death, and he claims the right to apply the income as it accrues, by way of set-off, to the payment of his debt until it is extinguished.

The statute provides that, "in suits brought by or against executors, administrators, or trustees, in their representative character, no demand shall be set off that is due to or from such executors, administrators, or trustees in their own right." Pub. Sts. c. 168, § 15. It is clear that, in a suit at law, such a set-off as the defendant Foote claims could not be allowed. As is stated in *Spaulding* v. *Backus*, 122 Mass. 553, "In the matter of set-off, courts of equity follow the courts of law, except where there is some equitable ground, growing out of the transaction or the relation of the parties, which brings the case within the general jurisdiction of a court of equity, and justifies granting relief beyond the rule of law. The existence of cross demands is not a sufficient ground for interference; the party seeking the benefit of the set-off must show some peculiar equity which entitles him to be protected against his adversary's demand."

There may be cases in which a court of equity will practically extend the right of set-off existing at law. For instance, if a *cestui que trust* and a trustee, before any rights of other parties have attached, agree that the income coming to the former may, as it accrues, be applied to a debt due by him to the trustee, it may be that this would create an equitable lien in favor of the trustee, which a court of equity would enforce against the *cestui que trust*, or any one claiming under him. But equity will not enlarge the right of set-off at law, unless, by agreement or otherwise, such an equity or lien exists. *Spaulding* v. *Backus, ubi supra. Holbrook* v. *Bliss,* 9 Allen, 69, 77. *Upham* v. *Wyman,* 7 Allen, 499.

In the case at bar there was no such agreement, and there are no other circumstances which create an equitable lien or right

of set-off in favor of the defendant Foote. The fact that he is a creditor of the *cestui que trust* is not sufficient. His appointment as trustee does not give him any advantage or superior rights over other creditors. His rights as a creditor remain unchanged. *Stickney* v. *Clement,* 7 Gray, 170.

In *Davis* v. *Newton,* 6 Met. 537, which was a suit in equity, it was held that an administrator who had in his hands a distributive share of his intestate's estate belonging to an insolvent debtor cannot withhold it from the debtor's assignee for the purpose of paying himself, by way of set-off, a debt due to him in his own right from such debtor. The same principle applies in this case, and we are of opinion that, as the trustee has no equitable lien and no legal or equitable claim superior to that of the other creditors or assignees of the *cestui que trust,* he has no right to retain the income given to Chapman Dwight under the will, and apply it to the debt due him in his private right. On the contrary, the plaintiff has the superior right and equity to this income, and is entitled to a decree in his favor.

The trustee contends that his right to a part of the income has been conclusively settled by a judgment of the Probate Court, and that this adjudication binds the plaintiff. The facts, as stated in the answer, are, that the trustee, having in his hands income to the amount of $116.38, payable under the will to Chapman Dwight, rendered an account to the Probate Court, in which he credited himself with this amount as paid and applied towards the discharge of his debt, and that this account was duly allowed by the Probate Court. Notice of this account was given by publication, but no personal notice was given to the plaintiff, or to Chapman Dwight. The plaintiff was not a party to this proceeding, and is not bound by it; but, further than this, the Probate Court had no jurisdiction of the question whether the plaintiff or the trustee had the right to the income. *Cowdin* v. *Perry,* 11 Pick. 503. *Hancock* v. *Hubbard,* 19 Pick. 167.

The claim of the defendant Foote to a right of set-off was a matter which the Probate Court has no power to hear and determine, and the allowance of his account, so far as it can be regarded as an adjudication of this question, is extra-judicial and void. *Decree for plaintiff.*