ALONZO W. PERRY *vs.* CHARLES E. PYE & others.

Suffolk. May 19, 1913. — June 17, 1913.[*]

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DE COURCY, JJ.

*Equity Pleading and Practice,* Bill, Issues for jury, Master's report. *Bills and Notes. Evidence,* Admissible for a limited purpose. *Equity Jurisdiction,* Acquired for one purpose retained for all, Equitable set-off against judgment in action at law.

The objection that a bill in equity is multifarious can be raised only by assigning this cause of demurrer, and is waived by a demurrer which does not contain such an assignment.

In a suit in equity, where a defendant, who was made a party after the presentation by a master of the draft of his report, after the filing of the master's report makes a motion for the framing of issues for a jury, if it appears that this defendant before he became a party had appeared before the master, both as counsel and as an important witness in support of his alleged rights, and that the case was tried fully on its merits before the master, the denial by the trial justice of such defendant's motion to have issues framed for a jury is a proper exercise of judicial discretion.

In a suit in equity, exceptions to a master's report, relating to questions of fact on which the evidence, amply reported, was conflicting and irreconcilable, here were overruled, because the master's findings to which the exceptions related were not shown plainly to have been erroneous.

In this Commonwealth the holder of a promissory note indorsed in blank by the payee may sue upon it in his own name, although as between himself and the indorser he may be bound to account wholly or in part for the proceeds.

In a suit in equity founded on a promissory note signed by the defendant as maker, which was indorsed in blank by the payee and was delivered by him to the plaintiff after its maturity, it appeared that the maker of the note signed it in blank and placed it in the hands of an agent with authority to fill in the amount and the date and deliver the completed instrument to the payee in renewal of a former note, and there was evidence that this authority was exercised by the agent within a reasonable time and in good faith, and was not exceeded.

---

[*] This case is printed out of its order by reason of a temporary withdrawal of the opinion.

It appeared that the note was governed by the law of Canada, and that by the law of that Dominion, as proved, the note under these circumstances was binding on the maker. An exception to a finding by a master that the note was binding on the defendant was overruled.

A self-serving statement, which in itself would be inadmissible but which is material for the purpose of showing the date at which the assertion contained in it was made, properly may be admitted in evidence if its consideration is limited strictly to the single purpose for which it is material.

If a master in a suit in equity makes a ruling of law upon a question which he properly might have declined to pass upon and have left for the trial justice, yet, if his ruling is right, an exception to it will not be sustained.

The well-established principle here was applied, that where a court of equity has jurisdiction of a suit for one purpose it will, if justice so requires, exercise it for any purpose within the scope of the bill.

The doctrine of set-off, applied by statute to actions at law, had its origin in courts of equity, where the power to compel a set-off of cross demands or of judgments has been exercised whenever necessary for the proper administration of justice.

In a suit in equity by the holder of a promissory note made by the defendant, who was not an inhabitant of this Commonwealth, seeking to have the amount due on the note set off against any judgment that the defendant might recover against the plaintiff in a pending action at law, where the defendant did not set up by demurrer or answer the defense that the plaintiff had an adequate remedy at law, it appeared that the defendant was a non-resident and was insolvent and it was not shown that the defendant was possessed of or entitled to any interest in real or personal property which could be seized on execution at law or reached in equity. *Held*, that the plaintiff was entitled to have the decree in the present suit set off against any judgment that might be obtained against him in the action at law, subject to the rights of a third person who had brought an action at law against the defendant by trustee process and had summoned the plaintiff as trustee.

BILL IN EQUITY, filed in the Superior Court on March 4, 1912, removed to the Supreme Judicial Court on March 21, 1912, and amended in that court on April 12, April 26 and October 1, 1912, by the holder of a promissory note for $9,759.92 dated April 7, 1910, made by the defendant Pye payable to the order of James A. Farquhar and indorsed by Farquhar in blank, seeking to have the amount due on the note set off against any judgment which the defendant Pye, who was not an inhabitant of this Commonwealth, might recover in a pending action at law brought by him against the plaintiff, and seeking also to reach and apply under R. L. c. 159, § 3, cl. 8, to the payment of the note an alleged interest of the defendant Pye in a claim against the defendant Canada, Atlantic and Plant Steamship Company, alleged to have been fraudulently assigned by the defendant Pye to the defendant Young with intent to defeat, delay and defraud the creditors of

the defendant Pye. It was agreed by a stipulation of the parties that the plaintiff obtained the note after its maturity and acquired no greater rights than Farquhar had.

The facts in regard to the joining of the defendant Daggett as a party and in regard to his demurrer to the bill are stated in the opinion. The defendant Daggett, without waiving his demurrer, also made a motion for the framing of issues for a jury. The demurrer was overruled by *De Courcy*, J. He also denied the motion for the framing of issues for a jury. The defendant Daggett appealed from the interlocutory decree overruling the demurrer and from the order denying his motion.

Before the defendant Daggett was made a party, the case had been referred to Starr Parsons, Esquire, as master. Among other findings, the master found that Perry, the plaintiff, was the legal, although not the beneficial, owner of the note, and that he had such legal rights as Farquhar had on February 24, 1912; that he had the right to set off any amount which might be found to be due to him in this suit against the judgment in the case of Pye *v.* Perry, subject to all claims which had become vested in the proceeds of the judgment in that case before February 24, 1912. The master found that the suit was brought for Farquhar's benefit at Farquhar's expense; that the note was signed in Massachusetts and was mailed in Massachusetts to Boak, mentioned in the opinion, in Halifax, Nova Scotia, with authority for Boak to complete it in Nova Scotia and deliver it to Farquhar. In order to have the question determined, the master ruled that the note was not a Massachusetts contract, and was governed by Canadian law so far as any question arose as to its validity, form or interpretation. At the request of the parties the master reported certain sections of the Canada bill of exchange act. The master found that there was no fraudulent purpose in the assignment by the defendant Pye to the defendant Young. There was evidence in regard to an assignment to the defendant Daggett, which assignment the master found had been waived and abandoned.

Other facts found by the master are stated in the opinion.

In conclusion the master found that the plaintiff was entitled to recover the amount of the note of April 7, 1910, namely, $9,759.92, with interest at the rate of six per cent per annum, against the defendant Pye, and found that he was entitled to set off the claim

against the claim in the case of Pye *v.* Perry, subject to any equities in said claim which became vested before February 24, 1912. He found in favor of the defendant Young, and found that the proceeds of the judgment against the defendant Canada, Atlantic and Plant Steamship Company were to be distributed $545 to the defendant Young, $850 to Francis P. Garland, Esquire, as counsel fees, and the balance to the defendant Daggett.

Exceptions to the master's report were filed.

There was a hearing before *Morton,* J., who made the following findings in regard to the claim of the defendant Hall:

"This case was sent to a master, and, on the coming in of his report, the plaintiff and the defendant Pye filed exceptions thereto. The defendant Young filed objections to the report, and later he also filed exceptions. After the hearings before the master had been concluded and his report had been drafted, but before it had been filed, the plaintiff moved to amend his bill by making Frederick J. Daggett of Winthrop, Mary J. Hall of Boston, Mary J. Tape of Waltham, James A. Young of Newton, Alfred S. Hayes of Hopkinton and James A. Bussey of Boston, all in this Commonwealth, parties defendant. This motion was allowed against the objection of the defendant Pye, and without, so far as appears, any notice thereof having been given to the defendant Young. The defendant Daggett appeared and demurred to so much of the bill as sought for a set-off of executions. He also answered without waiving his demurrer. The defendant Hall duly appeared and answered. The other parties who were summoned have not appeared. The case came on for hearing before me in reference, amongst other things, to the claim of the defendant Hall, and I proceeded to hear the same instead of sending the case back to the master. The defendants Pye and Young contended that under the present bill and the amendment, especially in view of the fact that the master had found that the assignment from Pye to Young was made in good faith, and was not in fraud of creditors, and there was consequently nothing to reach and apply under the bill, that the issue whether the defendant Hall was entitled to share in the proceeds of the judgment of Young *v.* The Canada, Atlantic and Plant Steamship Co., and if so, to what extent, was not properly before the court. I did not pass upon this contention, nor upon how much, if anything, was due the defendant Hall

from the defendant Pye at the date of the assignment to the defendant Young on March 19, 1909; nor upon how much, if anything, was due the defendant Daggett, leaving those matters to be determined hereafter in such manner as to the court might seem meet, if it appeared that they required to be determined. The said Daggett was not a witness before me, and no hearing was had by me, and no finding is made by me in regard to the issues raised by his answer. I found the following facts, if material and competent, in regard to the claim of the defendant Hall:

"It appeared and I found that Pye's former wife [the defendant Hall] had obtained a divorce from him, with alimony, which had not been paid by him. She brought an action at law against him to recover the arrears of alimony, in which Perry was summoned as trustee, and obtained judgment and took out execution. Pye desired to attend as a witness the trial of the two actions brought by him, but could not for fear of being arrested on the execution which had been issued against him in the suit by his former wife. He also desired to remove his residence to Massachusetts, in order that he might go into business here. Pye had made an assignment to Mr. Young of all claims which he might have against the steamship company. This assignment, though made to Young, was in reality for the benefit of Mr. Daggett, who was acting as Pye's counsel, but who, for good and sufficient reasons, did not care to take the assignment in his own name. In order to enable Pye to attend as a witness in the actions that had been brought by him or for his benefit and against him, it was agreed between Mr. Daggett and Mr. Young, representing Pye, and Mr. McCarthy, representing Mrs. Hall, that the proceeds of the action against the steamship company, after deducting attorney's fees and disbursements, should be divided between Daggett and Young and Mrs. Hall in proportion to their respective claims. The consideration for this agreement on Mrs. Hall's part was an undertaking by her that during the pendency of said actions she would not arrest Pye, or cause him to be arrested on execution, or otherwise molest him while he was in Massachusetts, either for the purpose of attending court as a witness in the actions brought by or for him or for other purposes. And this agreement or undertaking she faithfully performed. I find that Mr. Daggett and Mr. Young had authority to enter into the agreement on behalf of Mr. Pye,

that it was founded on a good and sufficient consideration, and that under and pursuant to it Mrs. Hall is entitled to a proportionate share of the proceeds of the suit against the steamship company when the judgment which has been rendered against it has been collected.

"I make these findings subject, as I have said, to the contentions of the defendants Pye and Young that they are not competent or material, and leaving that question open, without making any ruling upon it. In the ·course of the hearing before me certain statements were testified to as having been made by Mr. Daggett in regard to the amount of his claim against Pye at the time when Mr. Young and he made the arrangement which they did with Mrs. Hall. What effect, if any, should be given to those statements in determining the amount of Mr. Daggett's claim against Pye I did not, and have not, considered, for the reason, as I have said, that I did not undertake to determine or pass upon the amounts, respectively, of Mrs. Hall's claim and of Mr. Daggett's claim, but left them to await the determination of the question whether Mrs. Hall's claim can be enforced in this proceeding.

"I further found, if competent and material, that in addition to the action brought by Young, for the benefit of Pye, against the steamship company, an action had been brought by Pye against Perry, the present plaintiff, in which a verdict has been rendered in Pye's favor for a large amount, but, owing to the pendency of exceptions, judgment has not been entered on the verdict. As I have previously said, suit was brought by Mrs. Hall against Pye to recover arrears of alimony, and Perry was summoned as trustee. The trustee was defaulted, but a motion is pending to remove the default. The judgment obtained by Mrs. Hall against Pye has been in no part satisfied."

Later, the case came on to be heard before *De Courcy*, J., who, at the request of the parties, reserved it for determination by the full court upon the bill and answers, the master's report, and the exceptions thereto, the appeals of the parties from any interlocutory decree, the motion of the defendants Pye and Young for a final decree upon the facts found by the master, the findings of *Morton*, J., in reference to the claim of the defendant Hall, together with the questions of the materiality and

competency of the facts so found, and the question whether the rights of the defendant Hall could be settled under this bill as amended. If for any reason the status of the case was such that it could not now be finally disposed of, the justice reported it under and by virtue of R. L. c. 173, § 105. The report was made without prejudice to the plaintiff's right to move for a marshalling of assets by the defendants Hall and Daggett.

Other cases between some of the parties to this suit are reported in 211 Mass. 453, 212 Mass. 525, and *ante*, 296.

The case was submitted on briefs.

*A. M. Lyman,* for the defendants Daggett and Pye.

*W. R. Bigelow & J. E. Young,* for the defendant Young.

*J. E. Hannigan & I. Fox,* for the plaintiff.

BRALEY, J. The original bill and the bill as amended are framed with a double aspect. If the plaintiff's debt is established he asks in the second paragraph that an equitable set-off be made of any judgment which the defendant Pye may recover against him in a pending action at law; while in the third, fourth and fifth paragraphs he seeks to reach and apply in payment the amount of a judgment recovered by this defendant against the steamship company. The defendant Daggett did not become a party until the master to whom the case was referred had prepared his draft report, and the plaintiff thereupon had amended the bill by joining as defendants all parties interested in an assignment of the claim against the company, given by Pye to the defendant Young. It is true as to the defendant Daggett that by the allegations he is connected only with the claim set forth in the third paragraph. But his demurrer is not on the ground that the bill is multifarious. If he did not care to raise this question, he cannot avail himself of possible objections to the misjoinder of causes and the prayers for relief which do not concern him, but affect only the defendant Pye, who has answered generally. *Davis* v. *Peabody,* 170 Mass. 397. The demurrer was rightly overruled.

The master's report having come in, it was disclosed that the defendant Daggett held an assignment from Pye of the claim against the plaintiff described in the second paragraph, and that he also was interested and protected as a creditor of Pye under the assignment to the defendant Young. It further appears that before he became a party he had appeared before the master, both as coun-

sel and as an important witness in support of his alleged rights, where the case was fully tried upon the merits, and that he has no interest in the litigation except as an assignee. The order under these circumstances denying his motion to have issues framed for a jury having been within the discretion of the single justice, it should be affirmed, even if it is reviewable on appeal. *Jones* v. *Keen*, 115 Mass. 170, 180. *Ginn* v. *Almy*, 212 Mass. 486, 494.

We pass to the exceptions to the master's report. It contains copious recitals of the evidence, with a full statement of the respective claims of the parties, which are shown to have been exhaustively contested. A careful perusal, however, is insufficient to show plainly that the master's findings of fact, based upon irreconcilable testimony, are erroneous, and all of the exceptions which depend upon a reversal of his conclusions must be overruled. *Ginn* v. *Almy*, 212 Mass. 486.

The exceptions to the master's rulings and the nature of the decrees to be entered upon the report, are left for decision.

The plaintiff acquired the promissory note in suit by the indorsement of one Farquhar, the payee, and, having been vested with the legal title, he can sue in our courts in his own name, although as between himself and the indorser he may be bound to account partially for the proceeds. R. L. c. 73, § 16. *Jump* v. *Leon*, 192 Mass. 511, 513, 514. But, the note having been indorsed after maturity, it is contended that the defendant Pye, who is the maker, never became bound, as the delivery of the instrument to the payee was unauthorized. The master's finding, that one Boak, with whom this defendant had left the note signed in blank, had been clothed with authority to fill in the amount with the date and to deliver the completed instrument to the payee in renewal of a former note, is conclusive, even if, as the defendant urges, the payee knew that Boak was an agent, and more than one inference could have been drawn from the evidence.

The transaction took place in Canada and is governed by the foreign law, put in evidence. *Glidden* v. *Chamberlin*, 167 Mass. 486. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89. The Canada bills of exchange act, St. of Canada, 53 Vict. 1890, c. 33, § 20, provides that "where a simple signature on a blank paper is delivered by the signer in order that it may be converted into a bill, it operates as a *prima facie* authority to fill it up as a com-

plete bill for any amount, using the signature for that of the drawer, or the acceptor, òr an indorser; and, in like manner, when a bill is wanting in any material particular, the person in possession of it has a *prima facie* authority to fill up the omission in any way he thinks fit. In order that any such instrument when completed may be enforceable against any person who became a party thereto prior to its completion, it must be filled up within a reasonable time, and strictly in accordance with the authority given; reasonable time for this purpose is a question of fact." The inferences to be drawn from the evidence were questions of fact, and the findings that under all the circumstances the defendant's agent had acted within a reasonable time, in good faith, and had not exceeded his authority, even if the face of the note was slightly less than the amount actually due, left the note a valid undischarged obligation of the defendant. See *Ives* v. *Farmers' Bank*, 2 Allen, 236; *Boston Steel & Iron Co.* v. *Steuer*, 183 Mass. 140, 146; *Lloyd's Bank, Limited*, v. *Cooke*, [1907] 1 K. B. 794.

In this connection the admission in evidence of the carbon copy of a letter to the payee from his son, to whom, while abroad, he apparently had entrusted the procurement of the note, is to be noticed. The letter stated that the son had received the note from Boak, filled in as the payee desired. The original had been lost or destroyed and could not be produced. Of itself the copy would have been in the nature of self-serving declarations and inadmissible. But the defendants insisted that the note in suit was a "recent contrivance" to avoid the statute of limitations, because the letters of Boak to the defendant Young substantially stated that the debt had become outlawed before the note was delivered. To meet this specific defense, to which it is strictly limited by the master, the evidence was competent.

It is difficult to see upon what ground the further defense of failure of consideration rests. No contention is made that any part of the original loan had been repaid to Farquhar, and the subsequent bill in equity to collect the note, having been discontinued without prejudice, could not operate either as payment or satisfaction. The master upon his findings correctly ruled that there had been no failure of consideration.

The assignment to Young having been found valid, the proceeds of the judgment against the steamship company would be ex-

hausted upon distribution among the creditors for whose benefit it had been given, and the bill fails in so far as it seeks to reach and apply any part of this fund in payment of the plaintiff's debt. *Hoshor-Platt Co.* v. *Miller,* 190 Mass. 285, 287. It also results that the claims of the creditors who have been made parties defendant, including the defendant Hall, whose right to participate was heard and allowed by a single justice, and the proportionate part which each should receive, cannot be determined in this suit. *Union Trust Co.* v. *Reed,* 213 Mass. 199, 202.

.Nothing is now left but the controversy over the right to set off the plaintiff's debt, under paragraph two, which has been established by the master. It is stated in the report that in accordance with the fourth prayer of the bill an injunction issued which is still in force, enjoining the defendant during the litigation from assigning or incumbering his claim, and, while a large verdict has been obtained in the action at law, that case is pending on exceptions taken by the present plaintiff. It was undisputed that the defendant Daggett's assignment antedated the plaintiff's title to the note; but it was a question of fact whether the assignment had been waived or cancelled by the mutual consent of the parties. *Metropolitan Coal Co.* v. *Boutell Transportation & Towing Co.* 185 Mass. 391, 397.

It appears that, after the master had prepared his draft report, at the request of counsel for Mr. Daggett he reopened the case for the taking of further evidence upon this question, but neither Daggett nor Pye have been harmed by the exclusion of certain questions in the redirect examination of Daggett relating to the security upon which he relied for repayment of advances made and professional services rendered to Pye, and whether he knowingly intended to surrender the assignment or to waive any rights under it. The entire matter, as the witness himself said, had been exhaustively covered by his previous testimony, which he did not desire to change, and the legal effect of what he voluntarily had done was for the determination of the master and not for the judgment of the witness. The defendant Pye contends that, although the master found that the assignment had been cancelled, he was without authority to pass upon the question of set-off. It might have been reserved for the court, but if the ruling allowing the set-off is right, an exception will not be sustained.

The defense that the remedy at law is adequate has never been pleaded by the defendant Daggett to any aspect of the bill, yet he urges, that upon the master's report no case is made out for equitable relief, and that the court has no jurisdiction to decree a set-off. The objection to the jurisdiction comes too late. The well established rule is that if the court has jurisdiction for one purpose, it will, where justice requires, exercise it for any purpose within the scope of the bill. *Dearth* v. *Hide & Leather National Bank,* 100 Mass. 540, 543. *American Stay Co.* v. *Delaney,* 211 Mass. 229, 233. *Earl of Oxford's case,* 2 White & Tudor's Lead. Cas. in Eq. (4th Am. ed.) 1291, 1347, 1348, 1349. *Stratton* v. *Hernon,* 154 Mass. 310.

It is apparent from the report that the plaintiff succeeded to the rights of the payee at the date of the transfer, and by cancellation of the assignment, no intervening equities are shown to prevent an offset as in *Ames* v. *Bates,* 119 Mass. 397, 399. It is unnecessary to decide whether the note could have been pleaded under the R. L. c. 174, providing for the set-off of mutual demands due at the date of the writ, or whether, as the defendant was a non-resident, there was a remedy by a cross action and a set-off of judgments under R. L. c. 170, § 2, or whether, notwithstanding the assignment, the executions could have been set off under R. L. c. 177, § 27. See *Porter* v. *Leach,* 13 Met. 482; *Fiske* v. *Steele,* 152 Mass. 260; *Aldrich* v. *Blatchford,* 175 Mass. 369; *Franks* v. *Edinberg,* 185 Mass. 49. The doctrine of set-off, while not recognized at common law, had its origin in equity, where the power to compel a set-off of cross demands or of judgments has been exercised whenever necessary for the proper administration of justice. *Stone* v. *Old Colony Street Railway,* 212 Mass. 459, 466. *Holbrook* v. *Bliss,* 9 Allen, 69, 77. *Abbott* v. *Foote,* 146 Mass. 333. *Crummett* v. *Littlefield,* 98 Maine, 317. *Earl of Oxford's case, supra.* If, as a general rule, where statutes of set-off have been enacted, equity will follow the construction adopted by courts of law, no express provision for a set-off of a decree for injunctive relief and for money damages in equity against a judgment at law is found in our statutes. *Jump* v. *Leon,* 192 Mass. 511, 516. *Chipman* v. *Fowle,* 130 Mass. 352. *Spaulding* v. *Backus,* 122 Mass. 553, 554. *Black* v. *Whitall,* 1 Stockton, 572. *Bell* v. *Ward,* 10 R. I. 503, 506. And in *Holden* v. *Gilbert,* 7 Paige, 208, 212, on a bill in equity to

foreclose, a judgment at law in favor of the defendant was held to be the subject of a set-off against a decree in favor of the plaintiff for the sale of mortgaged premises to satisfy the debt and costs due to the latter. The non-residence of the plaintiff Pye and his insolvency are material facts and properly may be considered. *Lindsay* v. *Jackson,* 2 Paige, 581. *Tone* v. *Brace,* 8 Paige, 597. *Hendrickson* v. *Hinckley,* 17 How. 443, 446, 447. A set-off will not operate unjustly upon any party to the case. It is within the spirit, if not the letter, of our statutes relating to set-off. The defendant is not shown to be possessed of, or entitled to, any interest in real or personal property which can be seized on execution at law or reached in equity, and upon the record it is the only way in which the plaintiff can obtain any pecuniary satisfaction. Under such conditions relief may be decreed. *Spaulding* v. *Backus,* 122 Mass. 553. *North Chicago Rolling Mill Co.* v. *St. Louis Ore & Steel Co.* 152 U. S. 596.

Nor is the exercise of this right defeated by the facts found by the single justice, to whom the claim of the defendant Hall was submitted. By the affirmative averments in her answer she submits herself to the jurisdiction of the court and asks that independently of her interest as a creditor of Pye under the assignment to Young her rights may be established and protected in the action by trustee process she had brought against Pye and the plaintiff in the Superior Court, where she has obtained judgment and taken out execution, although, the trustee having been defaulted, a motion was pending to remove the default. It being certain that all parties in interest are before the court, full relief, according to the requirements of the R. L. c. 189, § 25, that "a trustee may retain or deduct from the goods, effects or credits in his hands all demands against the defendant of which, had he not been summoned as a trustee, he could have availed himself by way of set-off on a trial or by the set-off of judgments or executions between himself and the defendant, and he shall be liable for the balance only after all mutual demands, . . . have been adjusted," can be administered, to avoid circuity of action and needless litigation. If the exceptions are overruled and judgment is entered on the verdict for the plaintiff Pye, this court, after the rights of the parties have been settled under the lien of the attachment in the action brought by Hall, can set off the amount of the decree against the

judgment and award execution for the difference, if any, which may be due, to the plaintiff; or, if the balance is found in favor of the defendant Pye, he may be decreed to have execution therefor in the court where the judgment was entered.

We are therefore of opinion that a decree should be entered affirming the orders appealed from, overruling the exceptions to and confirming the report, denying the motions of the defendants Pye and Daggett for a final decree in their favor, and dismissing the bill with costs as to all the remaining defendants, except the defendant Hall. The decree is also to contain a clause that the assignment to the defendant Daggett has been cancelled by the parties and enjoining him from seeking to enforce any claim thereunder. But as to the defendants Pye and Hall the case is to stand for further proceedings before a single justice.

*Ordered accordingly.*