ANNIE ROBBINS *vs.* PETER BLACKPOOL & others.

Suffolk.   November 10, 1925. — January 12, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Mortgage,* Of personal property, Of leasehold. *Landlord and Tenant,* Assignment of lease, Assignment of reversion. *Assignment. Equity Jurisdiction,* To redeem from mortgage.

The owner of premises used as a lunch room gave to a partnership a lease thereof for twelve years which contained a covenant permitting subletting but forbidding an assignment.  The lessees gave to B a first mortgage of enumerated personal property which, after a description of the property, contained the words, "Meaning and intending to convey all our right, title and interest in the lunch room . . . our good will and the lease in said premises," and that mortgage was recorded.  A second mortgage of the personal property, containing an agreement, on foreclosure, to assign the lease, then was given and recorded.  Thereafter B, knowing of the second mortgage, assigned his rights under the

first mortgage. The lessees then gave to B under seal an assignment of the lease to which one who had succeeded to the reversion assented in writing, B having procured that assent by representing that he was the holder of a mortgage given by the lessees which included the lease and that to protect his security he desired the assent of the owner of the reversion to his accepting the assignment from the mortgagor. Afterwards the second mortgagee foreclosed and purchased at the foreclosure sale and then brought a suit in equity against B and the assignee of the first mortgage, the lessees and the owner of the reversion, seeking redemption from the first mortgage and a transfer by B of the assignment of the lease. Under interlocutory decrees the plaintiff paid to the assignee of the first mortgage for a discharge thereof all that was due thereon. The bill then was amended and B demurred. *Held,* that

(1) In the circumstances, B, with respect to the assignment from the lessees and the assent thereto by the owner of the reversion, was a mere volunteer without rights as against the plaintiff;

(2) B had no rights under the first mortgage, having assigned them;

(3) The demurrer should be overruled.

BILL IN EQUITY, filed in the Superior Court on November 27, 1922, and afterwards amended, against Peter Blackpool, Peter Stratas; Nicholas Alavezos; Nicholas Pappas; M. R. Connelly, doing business under the name and style of Essex Realty Trust; M. R. Connelly, trustee; and Elias Galassi, doing business under the name and style of Galassi Mosaic and Tile Company.

Material allegations of the bill as amended are described in the opinion. The defendant Blackpool demurred. The demurrer was heard by *Qua,* J., who ruled that it should be sustained. By order of *Morton,* J., an interlocutory decree was entered dismissing the bill as to the defendant Blackpool. *Qua,* J., then reported the action to this court for determination before further proceedings in the suit of the questions involved by the demurrer and the rulings thereon.

*J. H. Powers,* for the plaintiff.

*W. E. Ulmer,* (*I. D. Farquhar* with him,) for the defendant Blackpool.

BRALEY, J. It appears from the allegations of the bill, which are admitted by the demurrer of the defendant Blackpool, that on November 3, 1921, the defendants Alavezos and Pappas, doing business under the name of the Plymouth Lunch, held a lease for twelve years of the premises in question, given by one John D. MacLeod, which was recorded in

the registry of deeds. It contained a covenant permitting the lessees to sublet, but forbidding an assignment. On February 13, 1922, the lessees mortgaged for $7,795 certain personal property used in connection with the leasehold to the defendant Blackpool, doing business as the Athens General Contracting Company, which Blackpool on June 6, 1922, assigned to the defendant Elias Galassi, doing business under the name of Galassi Mosaic and Tile Company. The assignment states that the mortgage had been recorded in the record of mortgages in the city clerk's office. The mortgage after a description of the property contained the words, "Meaning and intending to convey all our right, title and interest in the lunch room . . . our good will and the lease in said premises." The defendants Stratas, Alavezos and Pappas on August 26, 1922, gave the plaintiff a second mortgage on the property to secure payment of a loan of $7,190, which also was duly recorded. It contains a clause whereby the mortgagors agree "to assign all their right, title and interest in and to a lease on the aforementioned premises, that they now hold, to the mortgagee." The plaintiff on or about November 4, 1922, foreclosed her mortgage, and was the purchaser at the foreclosure sale, and by the present suit she seeks upon payment to Galassi to have the first mortgage assigned to her.

The question, whether she is entitled to an assignment of the first mortgage, does not on the record appear to have been considered by the trial court, and it is not before us. But Alavezos and Pappas on October 2, 1922, having given the defendant Blackpool under seal an assignment of the lease to which the defendant, the Essex Realty Trust, who had become the owner of the reversion, assented in writing with the understanding, therein expressed, that all the parties to the lease will be responsible for the performance of its terms, the plaintiff further prays, that Blackpool may be ordered to transfer the assignment to her, and under the interlocutory decrees of December 1, 1922, and April 24, 1924, from which no appeal was taken, she deposited in court an amount sufficient to satisfy the first mortgage, with accrued interest, which has been received by Galassi. The mere

payment, however, did not operate as an assignment. *Freeman* v. *M'Graw*, 15 Pick. 82. It is alleged in the sixth paragraph of the bill that on October 22, 1922, Blackpool represented to the owner, the Essex Realty Trust, that he was the holder and owner of a mortgage given by Alavezos and Pappas, including the lease, and, to perfect the security, he desired it to assent to a separate assignment from Alavezos and Pappas, in consequence of which, assent was given.

The plaintiff's mortgage is expressly made subject to the first mortgage, which contains the first assignment of the lease, while the provision in the second mortgage is not an assignment, but only an agreement or covenant to assign. And, if under the first assignment the lessor or his successors in title could recover for breach of condition, no subtenancy of the plaintiff was created under the second mortgage as she contends. *Shattuck* v. *Lovejoy*, 8 Gray, 204. The right of reëntry had not been asserted when Blackpool, with notice of both mortgages, assigned all interest in the leasehold to Galassi, and his subsequent procurement of the assignment in question placed him in the position of a mere volunteer. The plaintiff has paid the first mortgage and Blackpool should not be permitted to set up this assignment for the purpose of defeating the plaintiff from enforcing whatever rights she may have against the mortgagors under her second mortgage for performance of their agreement to assign the lease subject to the first mortgage. *Milkman* v. *Ordway*, 106 Mass. 232. *Perry* v. *Pye*, 215 Mass. 403, 413. *Raynes* v. *Sharp*, 238 Mass. 20. *Welch* v. *Maine Central Railroad*, 86 Maine, 552.

The decree sustaining Blackpool's demurrer and dismissing the bill as to him must be reversed, and a decree is to be entered overruling the demurrer.

*Ordered accordingly.*