SAMUEL G. ADAMS & others *vs.* GRUNDY AND COMPANY, INCORPORATED.

Suffolk.    March 22, 1926. — May 29, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Pleading and Practice*, Service of process.  *Equity Jurisdiction*, Equitable set-off.  *Set-off*, In equity.

A subpoena in a suit in equity against a foreign corporation, having no usual place of business in this Commonwealth, for an equitable set-off against an execution obtained by the defendant against the plaintiff on a claim in set-off in an action at law, properly may be served on the defendant by serving it on a law firm who appeared for the defendant in the action at law.

If, in an action of contract against a foreign corporation, after the trial judge had ordered a verdict for the defendant on the main claim at the close of the evidence, the parties filed a stipulation that the action should be reported to this court and, if the ruling of the trial judge were sustained, judgment should be entered for the defendant in the full amount claimed in a declaration in set-off filed by it, and, in accordance with a rescript from this court, judgment for the defendant in that amount upon its claim in set-off was entered and execution therefor was issued, the stipulation of the parties became the law of the case, and the mere facts, that in its answer in the action at law the defendant had admitted that certain amounts were due to the plaintiff that were not stated as credits in its declaration in set-off, and that since the action at law the defendant had removed from the Commonwealth, were not sufficient in the absence of insolvency of the defendant to give the courts of the Commonwealth jurisdiction over a suit in equity by the plaintiff to enforce, against the execution in the defendant's favor in the action of law, a claim to an equitable set-off in the amount of the credits previously admitted by the defendant in its answer in the action at law.

A demurrer to a bill in equity alleging the facts above described having been sustained, it was not an improper exercise of the discretionary power of the Superior Court to deny a motion to amend the bill which in substance added to it only an allegation that, in signing the stipula-

tion above described, the plaintiff had believed and understood "that against any such judgment [in the action at law] should the same be secured, the defendant, in accordance with the terms of the agreement alleged by the defendant in its answer would be required in accordance with the terms of the agreement which it set up to offset against such judgment said admitted credit."

BILL IN EQUITY, begun by a writ of summons and attachment dated May 18, 1925.

The circumstances of the suit of *Adams* v. *Grundy & Co. Inc.,* which was before this court and was reported 252 Mass. 135, were described in the bill and it was alleged that the defendant in its answer in that action admitted a credit due to the plaintiff of $18,688.32 and that there was no provision made in the stipulation, upon which the action was brought to this court as quoted in the opinion, for setting off that credit against the judgment upon the defendant's claim in set-off in that suit.    There was no averment as to such provision being omitted through mutual mistake or through fraud by the defendant.    It was averred that the defendant, a foreign corporation, had entirely removed its business from this Commonwealth.    It was not averred that the defendant was insolvent.    The relief sought was that such claim for $18,688.32 and other credits claimed by the plaintiff be set off against an execution which had been procured by the defendant after rescript from this court in the action at law.

The only service of process upon the defendant was upon the firm of attorneys who had represented it in the action of law.    The defendant moved that the action be dismissed for want of service.    The motion was heard by *Keating,* J., and was denied.    The judge then reported the propriety of his action to this court for determination.

The defendant demurred to the bill.    The demurrer was heard by *Morton,* J., and was sustained.    The plaintiff then filed a motion to amend the bill which stated more in detail the defendant's circumstances but did not aver insolvency of the defendant; detailed facts as to the defendant's answer in the action at law, and set out that the omission of the plaintiff's claim from the stipulation in the action at law was due to a belief and understanding on the part of the plaintiffs

"that against any such judgment, should the same be secured, that the respondent, in accordance with the terms of the agreement alleged by the respondent in its answer would be required in accordance with the terms of the agreement which it set up to offset against such judgment said admitted credit."

The motion to amend was denied by *Morton*, J., "on the ground that the proposed amendments are immaterial to the questions of law raised by the demurrer;" and he reported his orders to this court for determination.

*L. Withington*, for the plaintiffs.

*R. Proctor*, for the defendant.

BRALEY, J. The motion of the defendant to dismiss the suit for want of due service of process was denied rightly. *Moors* v. *Ladenburg*, 178 Mass. 272. *Perry* v. *Pye*, 215 Mass. 403. G. L. c. 227, §§ 2, 3, 4. The defendant on denial of the motion demurred to the bill on the ground that, "no cause of action within the equity jurisdiction of the court" was stated, and that if "the plaintiff has any remedy, its remedy at law is plain, complete and adequate."

The plaintiffs brought an action at law against the defendant to rescind a contract and recover back the purchase price they had paid for certain shipments of merchandise, to which the defendant answered generally, and also filed a declaration in set-off. In the trial court at the close of the evidence the parties stipulated as follows:

"It is hereby stipulated that the court having ordered a verdict for defendants on plaintiff's claim shall report the case on all the evidence for the consideration of the full court. If the ruling of the court that the plaintiff is not entitled to go to the jury be affirmed judgment shall be entered for defendant on the plaintiff's claim. And judgment shall be entered for the defendant-plaintiff in set-off for the amount claimed in its set-off with interest as if a verdict had been rendered as of November 1, 1923.

"If the plaintiff was entitled on the evidence to have the plaintiff's case submitted to the jury judgment shall be entered for the plaintiff for the amount claimed in the plaintiff's declaration with interest as if a verdict had been ren-

dered for plaintiff as of November 1, 1923, and judgment against defendant on its claim in set-off."

The verdict for the defendant having been sustained by this court, judgment for the defendant for the amount claimed in the declaration in set-off has been entered on which execution issued which is now in the hands of the sheriff to be levied on the property of the plaintiffs. *Adams* v. *Grundy & Co. Inc.* 252 Mass. 135. The stipulation that, if the verdict for the defendant was sustained, judgment for the defendant should be entered on the plaintiffs' claim and for the full amount in set-off, not only was binding on the parties but became the law of the case. It is alleged and the demurrer admits that the plaintiffs should be credited with $43,688.32 due under the original agreement, and the present bill is brought asking that the amount of credits be established and execution therefor issue which should be set off against the execution obtained by the defendant. The inherent power of a court of equity, quite apart from the provisions of G. L. c. 227, § 2, to allow such set-off is settled on principle and authority. *Holbrook* v. *Bliss*, 9 Allen, 69. *Merrill* v. *Cape Ann Granite Co.* 161 Mass. 212. *Perry* v. *Pye, supra. Cromwell* v. *Parsons*, 219 Mass. 299. And, where the parties have made an agreement for a set-off, which was not done in the case at bar, equity will enforce specific performance. *Holbrook* v. *Bliss*, 9 Allen, 69, 77. *Abbott* v. *Foote*, 146 Mass. 333, 334. While the defendant has removed from the jurisdiction and become a non-resident, its removal does not of itself establish the right to a set-off in equity where the defendant is not alleged to be insolvent. *Isenburger* v. *Hotel Reynolds Co.* 177 Mass. 455. *Perry* v. *Pye*, 215 Mass. 403, 413, 414.

The question, whether the plaintiffs should be allowed to amend their bill after the decision on the demurrer, rested in the sound discretion of the court, which is not shown to have been so exercised as to amount to a denial of justice. *Reno* v. *Cotter*, 239 Mass. 581, 583.

The orders denying the motion to dismiss, sustaining the demurrer, and overruling the motion to amend are

*Affirmed.*